UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
DATACLOUD TECHNOLOGIES, LLC,               :
                                           :
        Plaintiff,                         :
                                           :
        v.                                 :
                                           :
SQUARESPACE, INC.                          :   C.A. No. 21-cv-164-LPS
                                           :
        Defendant.                         :
                                           :
---------------------------------------------------------------

## ANSWER

Squarespace, Inc. ("Squarespace"), by and through its attorneys, for its Answer to the "Original" Complaint of DataCloud Technologies, LLC ("DataCloud"):

## NATURE OF THE ACTION

1. Admits that DataCloud's Complaint purports to commence a civil action for alleged patent infringement and that Exhibits A, B, C, and D purport to be copies of U.S. Patents Nos. 6,560,613, 6,651,063, 8,607,139, and 8,762,498, respectively, bearing the titles "Disambiguating File Descriptors," "Data Organization and Management System and Method," "Data Organization and Management System and Method," and "Apparatus, System, and Method for Communicating to a Network Through a Virtual Domain," respectively; and except as so admitted denies the allegations of paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

## PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Admits that Squarespace is a corporation organized and existing under the laws of the State of Delaware, and except as so admitted denies the allegations of paragraph 4 of the Complaint.

5. Admits that Squarespace has a principal place of business at 225 Varick Street, 12th Floor, New York, New York 10017, and except as so admitted denies the allegations of paragraph 5 of the Complaint.

6. Admits that Squarespace does not contest the sufficiency of service of process in this case to date, and except as so admitted denies the allegations of paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Admits that the Court has jurisdiction to hear this action under 28 U.S.C. §§ 1331 and 1338(a), and except as so admitted denies the allegations of paragraph 7 of the Complaint.

8. Admits that the Court has personal jurisdiction over Squarespace with respect to the purported claim stated in DataCloud's Complaint, and except as so admitted denies the allegations of paragraph 8 of the Complaint.

9. Admits that Squarespace offers for sale, sells, and advertises its services in the United States, the State of Delaware and in this District, and except as so admitted denies the allegations of paragraph 9 of the Complaint.

10. Admits that Squarespace solicits customers in the State of Delaware and in this District, has customers who are residents of the State of Delaware and this District, and is incorporated in the State of Delaware, and except as so admitted denies the allegations of paragraph 10 of the Complaint.

11. Admits that venue is proper in this district under 28 U.S.C. § 1400(b), and except as so admitted denies the allegations of paragraph 11 of the Complaint.

12. Admits that Squarespace is a corporation organized and existing under the laws of the State of Delaware, and except as so admitted denies the allegations of paragraph 12 of the Complaint.

## BACKGROUND INFORMATION

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Admits that Exhibit E to the Complaint appears to be a copy of the letter sent by William A. Hartselle to Squarespace dated April 16, 2020 ("April 2020 Letter"); admits that Exhibit E appears to be a copy of the letter to Squarespace sent by James F. McDonough, III dated July 14, 2020, and except as so admitted denies the allegations of paragraph 17 of the Complaint.

## DEFENDANT'S PRODUCTS AND SERVICES

18. Admits that Squarespace owns, operates, advertises, and controls the website associated with the universal resource locator www.squarespace.com, and except as so admitted denies the allegations of paragraph 18 of the Complaint.

19. Admits that Squarespace provides instructional materials on the website associated with the universal resource locator www.squarespace.com, and except as so admitted denies the allegations of paragraph 19 of the Complaint.

**COUNT I: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 6,560,613**

20. Repeats and incorporates paragraphs 1 – 19, above, as if fully set forth here.

21. Admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 6,560,613 (the "'613 Patent"), and except as so admitted denies the allegations of paragraph 21 of the Complaint.

22. Admits that Squarespace makes, uses, offers for sale, sells, and advertises website builder and website design products, refers to those products for their precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

**COUNT II: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 6,651,063**

27. Repeats and incorporates paragraphs 1 – 26, above, as if fully set forth here.

28. Admits that Exhibit B to the Complaint appears to be a copy of U.S. Patent No. 6,651,063 (the "'063 Patent"), and except as so admitted denies the allegations of paragraph 28 of the Complaint.

29. Admits that Squarespace distributes, makes, uses, and advertises a "Squarespace" app product for Android, refers to that product for its precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

**COUNT III: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 8,607,139**

34. Repeats and incorporates paragraphs 1 – 33, above, as if fully set forth here.

35. Admits that Exhibit C to the Complaint appears to be a copy of U.S. Patent No. 8,607,139 (the "'139 Patent"), and except as so admitted denies the allegations of paragraph 35 of the Complaint.

36. Admits that Squarespace makes, uses, offers for sale, sells, and advertises website builder and website design products, refers to those products for their precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Admits that Squarespace had knowledge of the April 2020 Letter as early as the date of its receipt of that letter, admits that Squarespace's website builder and website design products are sources of revenue for Squarespace, and except as so admitted denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint.

**COUNT IV: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 8,762,498**

47. Repeats and incorporates paragraphs 1 – 46, above, as if fully set forth here.

48. Admits that Exhibit D to the Complaint appears to be a copy of U.S. Patent No. 8,762,498 (the "'498 Patent"), and except as so admitted denies the allegations of paragraph 48 of the Complaint.

49. Admits that Squarespace makes, uses, offers for sale, sells, and advertises website builder and website design products, refers to those products for their precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

**JURY DEMAND**

54. Squarespace reserves the right to independent judicial determination of all issues as to which there is no right to trial by jury, including (i) whether the subject matters claimed in the '613, '063, '139, and '498 Patents (the "Patents-in-Suit") qualify as inventions of inventors under 35 U.S.C. § 101, (ii) whether the claims of the Patents-in-Suit are compliant with 35 U.S.C. § 112, and (iii) whether the subject matters claimed in the Patents-in-Suit satisfy the non-obvious subject matter requirement of 35 U.S.C. § 103.

**PLANTIFF'S PRAYER FOR RELIEF**

55.     Squarespace denies that DataCloud is entitled to any of the relief requested in paragraphs A–F under the Prayer for Relief heading of the Complaint.

**GENERAL DENIAL**

56.     Except as explicitly admitted herein, Squarespace denies each and every allegation, whether express or implied, contained in the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE – INVALIDITY OF '613 PATENT
FOR FAILURE TO COMPLY WITH REQUIREMENTS OF 35 U.S.C. § 112**

57.     Claims 1-8 of the '613 Patent recite a "method in a computer system for disambiguating file descriptors."

58.     In the context of claims 1-8 of the '613 Patent, the phrase "disambiguating file descriptors" denotes a function performed by a machine.

59.     The "methods" recited in claims 1-8 of the '613 Patent consist of the operation or function of a machine, namely, a computer system.

60.     The specification of the '613 Patent does not disclose any physical structure that performs the "methods" recited in claims 1-8 of the '613 Patent.

61.     The specification of the '613 Patent does not disclose any computer program code that causes a computer system to perform the "methods" recited in claims 1-8 of the '613 Patent.

62.     Claims 1-8 of the '613 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

63.     The claim phrase "intercepting system calls" denotes a function performed by a machine.

64. The specification of the '613 patent does not disclose any physical structure that performs "intercepting system calls."

65. The specification of the '613 Patent does not disclose any computer program code that causes a computer system to perform "intercepting system calls."

66. The claim phrase "storing at least one indicator" denotes a function performed by a machine.

67. The specification of the '613 patent does not disclose any physical structure that performs the claimed "storing" function.

68. The specification of the '613 Patent does not disclose any computer program code that causes a computer system to perform the claimed "storing" function.

69. The claim phrase "examining at least one stored indicator" denotes a function performed by a machine.

70. The specification of the '613 patent does not describe any physical structure that performs the claimed "examining" function.

71. The specification of the '613 Patent does not disclose any computer program code that causes a computer system to perform the claimed "examining" function.

72. By reason of the facts alleged in paragraphs 57-71, above, at least claim 8 of the '613 Patent is invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

## SECOND DEFENSE – INVALIDITY OF '063 PATENT FOR FAILURE TO COMPLY WITH REQUIREMENTS OF 35 U.S.C. § 112

73. Claims 4 and 5 of the '063 Patent recite a "method for providing information to one or more users of a system."

74. In the context of claims 4 and 5 of the '063 Patent, the phrase "providing information to one or more users of a system" denotes a function performed by a machine.

75. The "methods" recited in claims 4 and 5 of the '063 Patent consist of the operation or functions of a machine, namely, a computer system.

76. The specification of the '063 Patent does not disclose any physical structure that performs the "methods" recited in claims 4 and 5 of the '063 Patent.

77. The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform the "methods" recited in claims 4 and 5 of the '063 Patent.

78. Claims 4 and 5 of the '063 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

79. The claim phrase "storing information to be provided in an information pack" denotes a function performed by a machine.

80. The specification of the '063 patent does not disclose any physical structure that performs "storing information to be provided in an information pack."

81. The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform "storing information to be provided in an information pack."

82. The claim phrase "associating with said information pack" denotes a function performed by a machine.

83. The specification of the '063 patent does not disclose any physical structure that performs "associating with said information pack."

84. The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform "associating with said information pack."

85. The claim phrase "locating said information pack" denotes a function performed by a machine.

86. The specification of the '063 patent does not disclose any physical structure that performs "locating said information pack."

87. The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform "locating said information pack."

88. The claim phrase "creating a custom location" denotes a function performed by a machine.

89. The specification of the '063 patent does not disclose any physical structure that performs "creating a custom location."

90. The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform "creating a custom location."

91. The claim phrase "sending a custom category signal" denotes a function performed by a machine.

92. The specification of the '063 patent does not disclose any physical structure that performs "sending a custom category signal."

93. The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform "sending a custom category signal."

94. The claim phrase, "said data processing means analyzing the provider identifier of subsequent of said information packs, comparing said provider identifier of said subsequent information packs with said provider identifier stored in said storage means and in the event of a

match between the provider identifier of one of said subsequent information packs and the provider identifier stored in said storage means, placing said one of the subsequent information packs in said custom location" (the "Analyzing and Placing Function") denotes a function performed by a machine.

95. The specification of the '063 patent does not disclose any physical structure that performs the recited "Analyzing and Placing Function."

96. The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform the recited "Analyzing and Placing Function."

97. By reason of the facts alleged in paragraphs 73-96, above, at least claims 4 and 5 of the '063 Patent are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

## THIRD DEFENSE – INVALIDITY OF '139 PATENT FOR FAILURE TO COMPLY WITH REQUIREMENTS 35 U.S.C. § 112

98. Claims 1-7 of the '139 Patent recite a "system, comprising . . . [i] a content management component configured to display a graphical user interface based on a metadata template . . . and [ii] a web page generator configured to generate a web page. . . ." (brackets and numerals added).

99. In the context of claims 1-7 of the '139 patent, the terms "display" and "generate" denote functions performed by a machine, namely, a computer system.

100. The specification of the '139 Patent does not disclose any physical structure that performs the claimed "display" and "generate" functions.

101. The specification of the '139 Patent does not disclose any computer program code that configures a computer system to perform the claimed "display" and "generate" functions.

102. Claims 1-7 of the '139 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

103. By reason of the facts alleged in paragraphs 98-102, above, at least claims 1-7 of the '139 Patent are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

## FOURTH DEFENSE – INVALIDITY OF '498 PATENT FOR FAILURE TO COMPLY WITH REQUIREMENTS 35 U.S.C. § 112

104. Claims 1-7 of the '498 Patent recite a "method, comprising: determining, by a controller device comprising a processor, a destination internet protocol (IP) address . . . ; establishing a correlation between the destination IP address and a forwarder IP address of a forwarder device; and instructing the forwarder device to send the request data to the destination IP address."

105. In the context of claims 1-7 of the '498 Patent, the terms "determining," "establishing," and "instructing" denote functions performed by a machine, namely, a computer system.

106. The "methods" recited in claims 1-7 of the '498 Patent consist of the operation or function of a machine, namely, a computer system.

107. The specification of the '498 Patent does not disclose any physical structure that performs the claimed "methods."

108. The specification of the '498 Patent does not disclose any computer program code that causes a computer system to perform the claimed "methods."

109. Claims 1-7 of the '498 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

110. By reason of the facts alleged in paragraphs 104-109, above, at least claim 1 of the '613 Patent is invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

### FIFTH DEFENSE – INVALIDITY UNDER 35 U.S.C. § 101

111. The subject matters claimed in the Patents-in-Suit do not qualify as "inventions" of "inventors" that are eligible for patenting under 35 U.S.C. § 101.

### SIXTH DEFENSE – UNAUTHORIZED DOUBLE PATENTING

112. The '139 Patent was issued for the same alleged invention as was previously patented under U.S. Patent No. 7,732,331.

113. The '498 Patent was issued for the same alleged invention as was previously patented under U.S. Patent No. 8,370,457.

114. The '139 Patent and the '498 Patent are invalid under 35 U.S.C. § 101 and controlling precedent including *Underwood v. Gerber*, 149 U.S. 224 (1893).

### SEVENTH DEFENSE – INVALIDITY UNDER 35 U.S.C. § 112 ¶ 2

115. The claims in the Patents-in-Suit do not particularly point out any alleged improvement in the art but hide and conceal any such improvement within broad recitals of generic elements claimed in aggregation. The claims in the Patents-in-Suit are invalid for failure to satisfy the particularity requirements of 35 U.S.C. § 112 ¶ 2.

### EIGHTH DEFENSE – INVALIDITY UNDER 35 U.S.C. § 103

116. The asserted claims of the Patents-in-Suit fail to satisfy the non-obvious subject matter condition for patentability, for at least the reason that the claims encompass subject matters

that constitute the predictable use of prior art elements according to their established functions and the mere application of known techniques to prior art ready for the improvement.

### NINTH DEFENSE – PRINCIPLES OF EQUITY

117.   Plaintiff's claims are barred, in whole or in part, by principles of equity, including principles of equitable intervening rights.

### TENTH DEFENSE – FAILURE TO STATE A CLAIM

118.   Plaintiff has failed to state a claim upon which relief can be granted.

### PRAYER FOR RELIEF

WHEREFORE, Squarespace prays that the Court render judgment:

A. Dismissing DataCloud's Complaint with prejudice;

B. Declaring this case to be "exceptional" within the meaning of 35 U.S.C. § 285;

C. Awarding Squarespace its reasonable attorneys' fees and taxable costs incurred in defending this action;

D.  Awarding Squarespace such other and further relief as this Court may deem just and proper.

Dated: April 30, 2021

Respectfully submitted,

FARNAN LLP

 /s/ Michael J. Farnan
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com


James W. Dabney (pro hac vice)
James R. Klaiber (pro hac vice)
Lynn M. Russo (pro hac vice)
Justin W. Taylor (pro hac vice)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY  10004-1482
T: 212.837.6000
F: 212.422.4726
james.dabney@hugheshubbard.com
james.klaiber@hugheshubbard.com
lynn.russo@hugheshubbard.com
justin.taylor@hugheshubbard.com

**ATTORNEYS FOR DEFENDANT SQUARESPACE, INC.**