IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DATACLOUD TECHNOLOGIES, LLC,   :
                                :
         Plaintiff,            :
                                :
      v.                       :   C.A. No. 21-cv-164-LPS
                                :
SQUARESPACE, INC,               :
                                :
         Defendant.        :
                                :

**OPENING BRIEF IN SUPPORT OF DEFENDANT'S
RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS**

Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

OF COUNSEL:

James W. Dabney (pro hac vice)
James R. Klaiber (pro hac vice)
Lynn M. Russo (pro hac vice)
Michael M. Polka (pro hac vice)
Justin W. Taylor (pro hac vice)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

Attorneys for Defendant
Squarespace, Inc.

July 28, 2021

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ..................................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................................ 1

ARGUMENT ................................................................................................................................ 2

I.     THE ASSERTED CLAIMS VIOLATE THE "PARTICULARLY
POINTING OUT" REQUIREMENT OF 35 U.S.C. § 112 ¶ 2 (2006).................. 2

II.    35 U.S.C. § 112 ¶ 2 PROVIDES A STATUTORY ALTERNATIVE TO
ANALYSIS OF WHETHER PATENT CLAIMS ARE DIRECTED TO
"ABSTRACT IDEAS." ...................................................................................... 15

III.   THE COURT SHOULD RESOLVE THIS CASE QUICKLY AND
INEXPENSIVELY AT AN EARLY STAGE...................................................... 18

CONCLUSION............................................................................................................................ 20

## TABLE OF AUTHORITIES

**Case**                                                                                          **Page(s)**

*Affinity Labs of Tex., LLC v. DIRECTV, LLC,*
    838 F.3d 1253 (Fed. Cir. 2016) ......................................................................... 16

*Alice Corp Pty. Ltd. v. CLS Bank Int'l,*
    573 U.S. 208 (2014) ......................................................................... 15, 16, 18

*Apple, Inc. v. Ameranth, Inc.,*
    842 F.3d 1229 (Fed. Cir. 2016) ......................................................................... 11

*Ass'n for Molecular Pathology v. Myriad Genetics, Inc.,*
    569 U.S. 576 (2013) ......................................................................... 15

*Burr v. Duryee,*
    68 U.S. (1 Wall.) 531 (1864) ......................................................................... 4, 5

*Busch v. Jones,*
    184 U.S. 598 (1902) ......................................................................... 6

*Carnegie Mellon Univ. v. Hoffman-La Roche, Inc.,*
    541 F.3d 1115 (Fed. Cir. 2008) ......................................................................... 10

*Chargepoint, Inc. v. Semaconect, Inc.,*
    920 F.3d 759 (Fed. Cir. 2019) ......................................................................... 16

*Corning v. Burden,*
    56 U.S. (15 How.) 252 (1854) ......................................................................... 4

*Free Stream Media Corp. v. Alphonso Inc.,*
    996 F.3d 1355 (Fed. Cir. 2021) ......................................................................... 16

*Fuller v. Yentzer,*
    94 U.S. 288 (1877) ......................................................................... 5

*Gammino v. Am. Tel. & Tel. Co.,*
    127 F. Supp. 3d 264 (D. Del. 2015) ......................................................................... 20

*General Electric Co. v. Wabash Appliance Corp.,*
    304 U.S. 364 (1938) ......................................................................... 7, 8, 10, 11

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.,*
    336 U.S. 271 (1949) ......................................................................... 1, 9, 10

*Halliburton Oil Well Cementing Co. v. Walker,*
    329 U.S. 1 (1946) ......................................................................... *Passim*

*Helsinn Healthcare, S.A. v. Teva Pharms. USA, Inc.*,
   139 S. Ct. 628 (2019) ........................................................................................................ 2

*Holland Furniture Co. v. Perkins Glue Co.*,
   277 U.S. 245 (1928) ...................................................................................................... 7, 8

*In re TLI Commc'ns LLC Patent Litigation*,
   823 F.3d 607 (Fed Cir. 2016) ........................................................................................ 16

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
   850 F.3d 1332 (Fed. Cir. 2017) ..................................................................................... 16

*Intellectual Ventures I LLC v. Symantec Corp.*,
   832 F.3d 1307 (Fed. Cir. 2016) ..................................................................................... 16

*Internet Patents Corp. v. Active Network, Inc.*,
   790 F.3d 1343 (Fed. Cir. 2015) ..................................................................................... 11

*Interval Licensing LLC v. AOL, Inc.*,
   896 F.3d 1335 (Fed. Cir. 2018) ..................................................................................... 16

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996) .................................................................................................. 1, 11

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
   566 U.S. 66 (2012) ................................................................................................. 16, 17

*O'Reilly v. Morse*,
   56 U.S. (15 How.) 62 (1854) ................................................................................. *Passim*

*Risdon Iron & Locomotive Works v. Medart*,
   158 U.S. 68 (1895) .......................................................................................................... 5

*Shapiro v. United States*,
   335 U.S. 1 (1948) ........................................................................................................... 3

*TC Heartland LLC v. Kraft Food Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ................................................................................................... 3

*Teleflex Inc. v. KSR Int'l Co.*,
   298 F. Supp. 2d 581 (E.D. Mich. 2003), *vacated on other grounds*, 119 F. App'x 282
   (Fed. Cir. 2005), *rev'd sub nom. KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007) ............. 20

*United Carbon Co. v. Binney & Smith Co.*,
   317 U.S. 228 (1942) ................................................................................................ *Passim*

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
   520 U.S. 17 (1997) .................................................................................................... 2, 10

*Westinghouse v. Boyden Power Brake Co.*,
  170 U.S. 537 (1898) ...................................................................................................*Passim*

**Statutes and Rules**

35 U.S.C. § 101 ........................................................................................................... 16

35 U.S.C. § 112(b) (2018) ............................................................................................. 3

Fed. R. Civ. P. 12(c) ...................................................................................................... 1

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action for alleged patent infringement.  Plaintiff filed a First Amended Complaint on June 11, 2021.  D.I. 21.  Defendant filed its Answer on July 20, 2021.  D.I. 23; D.I. 23-1.

Defendant now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  This is Defendant's opening brief in support of its motion.

## SUMMARY OF THE ARGUMENT

"A claim covers and secures a process, a machine, a manufacture, a composition of matter, or a design, but *never the function or result of either* . . . ."  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 373 (1996) (emphasis added) (internal quotations omitted).

In this case, the asserted claims (*see* D.I. 21 ¶¶ 23, 31, 39, 53, 61, 69, 83) describe functions performed by machines, namely, computer systems (D.I. 23 ¶¶ 98-99, 114-15; 139, 145-46; 152; 161; 167; D.I. 23-1 ¶¶ 2-11); and under controlling authority, the asserted claims "fall afoul of the rule that a patentee may not broaden his claims by describing the product in terms of function." *United Carbon Co. v. Binney & Smith Co*., 317 U.S. 228, 234 (1942); *see, e.g., Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 336 U.S. 271, 278 (1949) ("*Graver I*") (claims that recited functional, rather than structural, characteristics of welding composition held invalid); *Halliburton Oil Well Cementing Co. v. Walker*, 329 U.S. 1, 8-9, 12-14 (1946) (claims that recited functional, rather than structural, characteristics of echo wave receiver/amplifier held invalid).

In an apparent attempt to cure the defect pointed out in Defendant's original motion for judgment on the pleadings (D.I. 17), the First Amended Complaint newly alleges as to each asserted patent: "A person skilled in the art covered in the [patents-in-suit] would understand that each of the limitations and/or steps in the claims . . . are defined by what they do (not what they are)." D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, 84.  These new allegations support Defendant's First

through Seventh Affirmative Defenses (D.I. 23 ¶¶ 97-171) and effectively admit to invalidity under 35 U.S.C. § 112 ¶ 2. *See Halliburton*, 329 U.S. at 9 ("The language of the claim thus describes this most crucial element in the 'new' combination in terms of what it will do rather than in terms of its own physical characteristics or its arrangement in the new combination apparatus.").

On controlling authority and the Plaintiff's own fatal admissions quoted above, the Court should enter judgment dismissing Plaintiff's First Amended Complaint forthwith.

## ARGUMENT

I.   **THE ASSERTED CLAIMS VIOLATE THE "PARTICULARLY POINTING OUT" REQUIREMENT OF 35 U.S.C. § 112 ¶ 2 (2006).**

35 U.S.C. § 112 ¶ 2 (2006) provides in relevant part:

> The specification shall conclude with one or more claims *particularly pointing out* and distinctly claiming the subject matter which the applicant regards as his invention.

The § 112 phrase, "particularly pointing out," carries forward nearly identical language from the Patent Act of 1870. *See* Act of July 8, 1870, ch. 230, § 26, 16 Stat. 198, 201 ("he shall *particularly point out* and distinctly claim the part, improvement, or combination which he claims as his invention or discovery") (codified in Rev. Stat. § 4888, 18 Stat. 954) (emphasis added); *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 26 (1997) ("The 1952 Patent Act is not materially different from the 1870 Act with regard to claiming, reissue, and the role of the PTO."). The Patent Act of 1836 similarly required that a patent applicant "*particularly specify and point out* the part, improvement, or combination, which he claims as his own invention or discovery." Act of July 4, 1836, ch. 357, § 6, 5 Stat. 117, 119 (emphasis added).

In reenacting statutory language that the Supreme Court has construed, "Congress must be considered to have adopted also the construction given by this Court to such language, and made it a part of the enactment." *Helsinn Healthcare, S.A. v. Teva Pharms. USA, Inc*., 139 S. Ct. 628,

634 (2019) (quoting *Shapiro v. United States*, 335 U.S. 1, 16 (1948)); *see TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514, 1520-21 (2017) (quoting A. Scalia & B. Garner, *Reading Law* 322 (2012) ("Prior-Construction Canon")).

In numerous decisions applying the "particularly point[] out" language found, today, in 35 U.S.C. § 112 ¶ 2 (2006) (and 35 U.S.C. § 112(b) (2018)), the Supreme Court has developed and enforced "the rule that a patentee may not broaden his claims by describing the product in terms of function." *United Carbon*, 317 U.S. at 234. To decide this case quickly and economically, the Court need merely apply controlling law to Plaintiff's own characterizations of the claims-in-suit. A review of that law follows.

In *O'Reilly v. Morse*, 56 U.S. (15 How.) 62 (1854), the Court partially reversed a judgment finding infringement of U.S. Patent No. Re. 117 entitled "Electromagnetic Telegraph." The patent disclosed apparatus that, when operated, achieved a certain result, namely, the marking or printing of intelligible characters at a distance. *See id.* at 75-76. The Court upheld claims which pointed out, with reasonable particularity, operative structures disclosed in the patent's specification which accomplished that result, as in: "3. The combination of machinery herein described . . . ." *Id*. at 85, 112. But the Court invalidated asserted claim 8, which encompassed "every improvement where the motive power is the electric or galvanic current, and the result is the marking or printing intelligible characters, signs, or letters at a distance." *Id*. at 112. Construing and applying the statutory predecessor of 35 U.S.C. § 112 ¶ 2, the Court stated: "The court is of opinion that the claim is too broad, and not warranted by law. . . . He can lawfully claim only what he has invented and described, and *if he claims more his patent is void*." *Id*. at 113, 121 (emphasis added). Thus, the Court interpreted the requirement "particularly" to require claiming the structure for accomplishing a function, and rejected the idea that an applicant could claim by function alone.

3

In *Corning v. Burden*, 56 U.S. (15 How.) 252 (1854), the Court vacated a judgment finding infringement of U.S. Patent No. 1,890 entitled "Rolling Puddler's Balls in the Manufacture of Iron." The patent disclosed apparatus that, when operated, achieved a certain result, namely, the formation of cylindrical "puddler's balls" (an intermediate in then-existing iron manufacture) "by continuous pressure and rotation of the ball between converging surfaces." *Id*. at 267. The trial court held that the Burden patent encompassed "any machine adapted to accomplish the objects of his invention as above specified, by the process, mode, or method above mentioned" and so instructed a jury. *Id*. The Supreme Court held that this jury instruction was reversible error, reasoning: "It is for the discovery or invention of some practicable method or means of producing a beneficial result or effect, that a patent is granted, and not for the result or effect itself. . . . [I]t is well settled that a man cannot have a patent for the function or abstract effect of a machine, but only for the machine which produces it. . . . He cannot describe a machine which will perform a certain function, and then claim the function itself, and all other machines that may be invented to perform the same function." *Id*. at 268, 269.

In *Burr v. Duryee*, 68 U.S. (1 Wall.) 531 (1864), the Court affirmed a judgment of non-infringement of U.S. Patent No. Re. 1,087 entitled "Improvement in Machinery for Making Hat Bodies." The patent disclosed apparatus that, when operated, achieved a certain result, namely, the formation of "bats" (an intermediate in hat manufacture) of varying thickness required for hat bodies. *Id*. at 571. Claim 1 of the patent recited: "The mode of operation, substantially as herein described, of forming bats of fur fibers of the required varying thickness from brim to tip . . . ." *Id*. at 564. Construing and applying the statutory predecessor of 35 U.S.C. § 112 ¶ 2, the Court stated: "We find here no authority to grant a patent for a 'principle' or a 'mode of operation' or an *idea*, or any other abstraction. . . . All others have an equal right to make improved machines,

provided that they do not embody the same, or substantially the same devices, or combination of devices, which constitute the peculiar characteristic of the previous invention."  *Id*. at 570-71.

In *Fuller v. Yentzer*, 94 U.S. 288 (1877), the Court affirmed a judgment of non-infringement of U.S. Patent No. 28,633 entitled "Sewing Machine Guide."  The patent disclosed apparatus that, when operated, achieved a certain result, namely, the putting of "markers" on cloth to guide subsequent sewing of plaits or tucks.  Claim 1 of the patent recited: "[F]orming one, two, or more creases in cloth by means of markers on opposite sides of the cloth . . . ."  *Id*. at 290.  Construing and applying the statutory predecessor of 35 U.S.C. § 112 ¶ 2, the Court stated:

> Patents for a machine will not be sustained if the claim is for a result, the established rule being that the invention, if any, within the meaning of the Patent Act, consists in the means or apparatus by which the result is obtained, and not merely in the mode of operation, independent of the mechanical devices employed; nor will a patent be held valid for a principle or for an idea, or any other mere abstraction.

94 U.S. at 288 (citing *Burr*).

In *Risdon Iron & Locomotive Works v. Medart*, 158 U.S. 68 (1895), the Court reversed a judgment of infringement of U.S. Patent No. 248,599 entitled "Manufacture of Belt Pulleys."  The patent disclosed apparatus that, when operated, achieved a certain result, namely, more efficient manufacture of balanced belt-pulley spiders (hub and spoke structures).  *Id*. at 79.  In an apparent attempt to draft around the holdings in *Morse*, *Corning*, *Burr*, and *Fuller*, the asserted claims recited an "improvement in the *art* of manufacturing belt pulleys."  *Id*. at 69 (emphasis added).  Citing its earlier precedents in this area, the Court stated:

> [A] valid patent cannot be obtained for a process which involves nothing more than the operation of a piece of mechanism, or, in other words, for the function of a machine . . . . [A]ll that he invented in fact was a machine for the more perfect manufacture of such pulleys. The operation or function of such machine, however, is not patentable as a process.

*Id*. at 77, 79 (citing and following *Morse* and *Corning*).

5

In *Westinghouse v. Boyden Power Brake Co.*, 170 U.S. 537 (1898), the Court affirmed a judgment of non-infringement of U.S. Patent No. 360,070 entitled "Fluid Pressure Brake Mechanism." The patent disclosed apparatus that, when operated, achieved a certain result, namely, the simultaneous transmission of train pipe air (having a first pressure) and auxiliary tank air (having a second, higher pressure) into a brake cylinder for emergency stops. *Id.* at 538-39, 550-52. Claim 2 of the patent recited "a piston, whose preliminary traverse admits air from the auxiliary reservoir to the brake cylinder, and which by a further traverse admits air directly from the main air-pipe to the brake-cylinder, substantially as set forth." *Id.* at 553. Citing and following *Corning*, *Burr*, and *Fuller*, the Court stated: "if it be interpreted simply as a claim for the function of admitting air to the brake-cylinder directly from the train-pipe, it is open to the objection, held in several cases to be fatal, that the mere function of a machine cannot be patented. . . . [E]ven if the patent for a machine be a pioneer, the alleged infringer must have done something more than reach the same result. He must have reached it by substantially the same or similar means, or the rule that the function of a machine cannot be patented is of no practical value." *Id.* at 554, 569; *see also id*. at 562 ("the function of a machine cannot be patented").

In *Busch v. Jones*, 184 U.S. 598 (1902), the Court reversed a judgment of infringement of U.S. Patent No. 204,741 entitled "Book-Binders' Dry-Press and Sheet Tie." The patent disclosed apparatus that, when operated, achieved a certain result, namely, more efficient removal of type indentations from printed sheet material. *Id*. at 601-02. Claim 5 of the patent recited: "The process herein described for treating folded printed sheets of paper in dry pressing . . . ." *Id*. at 607. The Court stated: "it is impossible to consider the fifth claim as describing anything but the operation and effect of the press." *Id*. On that basis the Court reversed the judgment of infringement, utilizing the same reasoning that was applied in *Corning* and *Risdon*. *Id*. at 608.

6

In *Holland Furniture Co. v. Perkins Glue Co.*, 277 U.S. 245 (1928), the Court reversed a judgment of infringement of U.S. Patent No. Re. 13,436 entitled "Glue and Method of Making the Same." The patent disclosed a processed starch that, when mixed with three parts by weight of water and an alkali ingredient, achieved a certain result, namely, a glue composition having a viscosity and tensile strength suitable for use in wood working trades. *Id*. at 255. Claim 30 of the patent recited: "A wood and fiber glue formed of *a starchy carbohydrate* or its equivalent by union therewith of about 3 parts or less by weight of water and alkali metal hydroxid." *Id*. at 250 (emphasis added). The patentee took the position that the claim encompassed a glue comprising any and every "starchy carbohydrate" mixed with three parts by weight of water, whether or not the "starchy carbohydrate" was prepared by the process described in the patent. *Id*. at 254. Construing and applying the predecessor of 35 U.S.C. § 112 ¶ 2, the Court held that the asserted claims were invalid:

> That the patentee may not by claiming a patent on the result or function of a machine extend his patent to devices or mechanisms not described in the patent is well understood. . . . Respondent argues that this principle, applicable to machine patents, is inapplicable to a patent for the composition of matter which is always a result of a process and, concededly is patentable as such, but the attempt to broaden product claims by describing the product exclusively in terms of its use or function is subject to the same vice as is the attempt to describe a patentable device or machine in terms of its function. As a description of the invention it is insufficient and if allowed would extend the monopoly beyond the invention.

277 U.S. at 257-58 (citing *Morse*, *Westinghouse*, *Risdon*, *Fuller*, and other cases).

In *General Electric Co. v. Wabash Appliance Corp*., 304 U.S. 364 (1938), the Court affirmed a judgment of invalidity of claims 25-27 of U.S. Patent No. 1,410,499 entitled "Metal and Its Manufacture." The patent disclosed a tungsten alloy that, when used as an incandescent lamp filament, achieved a certain result, namely, increased service life due to reduced "sagging" and "offsetting." *Id*. at 366-67. Claim 25 of the patent recited: "A filament for electric incandescent

lamps or other devices, composed substantially of tungsten and made up mainly of a number of comparatively large grains *of such size and contour as to prevent* substantial sagging and offsetting during a normal or commercially useful life . . . ."  *Id*. at 368 (emphasis added).  Construing and applying the statutory predecessor of 35 U.S.C. § 112 ¶ 2, the Court held that the italicized phrase was "inadequate as a description of the structural characteristics of the grains" (304 U.S. at 369) and thus fell "within the condemnation of the doctrine that a patentee may not broaden his product claims by describing the product in terms of function."  *Id*. at 370 (citing *Holland Furniture*).  This was so even though the patent specification included an enabling description of how to make a filament that functioned in the claimed manner.  *Id*. at 373-75.

In *United Carbon*, the Court reversed a judgment of infringement of U.S. Patent No. 1,889,429 entitled "Carbon Black and Process of Making Same."  The patent disclosed a process that, when performed, achieved a certain result, namely, "pellets" of carbon black "formed without use of any binder, sufficiently hard and flowable to prevent the formation of dust, yet sufficiently friable and dispersible for use as a component in the manufacture of rubber and other products." 317 U.S. at 230.  Claim 1 of the patent recited: "Sustantially [sic] pure carbon black in the form of commercially uniform, comparatively small, rounded, smooth aggregates having a *spongy porous* interior."  *Id*. at 231.  In the context of this claim, the terms "spongy" and "porous" characterized a functional characteristic of carbon black aggregates, namely, their "friability" or tendency to crumble under pressure.  *Id*. at 233.  Construing and applying the statutory predecessor of 35 U.S.C. § 112 ¶ 2, the Court held that the terms "spongy" and "porous" were "but inaccurate suggestions of the functions of the product, and fall afoul of the rule that a patentee may not broaden his claims by describing the product in terms of function."  *Id*. at 234 (citing *Holland Furniture* and *Gen. Elec. v. Wabash*).

8

In *Halliburton*, the Court reversed a judgment of infringement of U.S. Patent No. 2,156,519 entitled "Means for Measuring the Location of Obstructions in Wells."  The patent disclosed apparatus that, when operated, achieved a certain result, namely, amplifying echo waves from well tubing collars and eliminating echo waves from other obstructions.  329 U.S. at 7.  Claim 1 of the patent recited apparatus comprising "means associated with said pressure responsive device for tuning said receiving means to the frequency of echoes from the tubing collars of said tubing sections to clearly distinguish the echoes from said couplings from each other."  *Id*. at 8-9.  The only written description support for this recital was a tubular pipe whose length could be adjusted to make it function as "a mechanical acoustic resonator."  *Id*. at 7.  The patentee, Walker, asserted infringement based on the defendant's use of apparatus comprising an *electric filter* to catch and record echoes from well tubing collars (*id*. at 12), a litigation position that did not require *structural* equivalence between the claimed invention and the accused apparatus.  Construing and applying the statutory predecessor of 35 U.S.C. § 112 ¶ 2 (2006), the Court held that the asserted claims "failed adequately to depict the structure, mode, and operation of the parts in combination."  *Id*. at 9.  The Court reasoned: "if Walker's blanket claims be valid, no device to clarify echo waves, now known or hereafter invented, whether the device be an actual equivalent of Walker's ingredient or not, could be used in a combination such as this, during the life of Walker's patent."  *Id*. at 12 (citing *Morse*, 56 U.S. (15 How.) at 112-13).

In *Graver I*, the Court partially reversed a judgment finding infringement of U.S. Patent No. 2,043,960 entitled "Electric Welding."  The patent disclosed a flux composition that, when used in electric welding, achieved a certain result, namely, more rapidly formed welds at higher voltages and with less porosity, smoke, splatter, and visible arcing.  336 U.S. at 274.  Construing and applying the statutory predecessor of 35 U.S.C. § 112 ¶ 2, the Court upheld claims which

pointed out, with reasonable particularity, the ingredients of operative compositions that were disclosed in the patent's specification.  336 U.S. at 274-75.  But the Court invalidated multiple claims that made no "specific reference to the essential chemical constituents of the welding composition to be used in the claimed welding process."  *Id*. at 278.

Today, patent applicants have a claim-drafting option that did not exist at the time of the decisions cited above.  That option is 35 U.S.C. § 112 ¶ 6 (2006), which provides: "An element in a claim for a combination may be expressed as a means or step for performing a specified function, without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof."  The rule of construction prescribed in 35 U.S.C. § 112 ¶ 6 permits use of "means for" claim recitals as an exception to "the rule that a patentee may not broaden his claims by describing the product in terms of function."  *United Carbon*, 317 U.S. at 234; *see Warner-Jenkinson*, 520 U.S. at 27 (quoting *Halliburton*, 329 U.S. at 8) (quoting *Gen. Elec. v. Wabash*, 304 U.S. at 371)).

But for claims, like those asserted in this case, which *do not* invoke 35 U.S.C. § 112 ¶ 6 (see attached Claim Appendix), the reasoning and holdings of the Supreme Court's decisions applying "the rule that a patentee may not broaden his claims by describing the product in terms of function" *United Carbon*, 317 U.S. at 234, remain fully applicable.  *See, e.g., Carnegie Mellon Univ. v. Hoffman-La Roche, Inc*., 541 F.3d 1115, 1122 (Fed. Cir. 2008) ("It has long been the case that a patentee 'can lawfully claim only what he has invented and described, and if he claims more his patent is void.'") (quoting *Morse*, 56 U.S. (15 How.) at 121).  *Carnegie Mellon* invalidated claims that, like the claims-in-suit here, described a product in terms of its functions and, in so doing, encompassed subject matter that the patent specification did not describe.  *Id*. at 1126; *see*

10

*also Apple, Inc. v. Ameranth, Inc*., 842 F.3d 1229, 1244 (Fed. Cir. 2016) ("Generally, a claim that merely describes an 'effect or result dissociated from any method by which [it] is accomplished' is not directed to patent-eligible subject matter.") (quoting *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1348 (Fed. Cir. 2015)).

The case law summarized on pages 3-10, above, explains what is meant by the words "function" and "result" in the statement: "A claim covers and secures a process, a machine, a manufacture, a composition of matter, or a design, but *never the function or result of either . . . .*" *Markman*, 517 U.S. at 373 (emphasis added). And as applied here, that case law compels a conclusion that the claims-in-suit describe elements of the alleged inventions in terms of "function or result" (517 U.S. at 373), in clear violation of 35 U.S.C. § 112 ¶ 2 and "the rule that a patentee may not broaden his claims by describing the product in terms of function." *United Carbon*, 317 U.S. at 234 (citing *Holland Furniture* and *Gen. Elec. v. Wabash*).

**U.S. Patent No. 6,560,613 ("'613 Patent)**. Asserted Claim 8 of the '613 Patent recites "[a] method in a computer system for disambiguating file descriptors" that comprises "intercepting," "storing," and "examining" steps. D.I. 21-2 at 28. Under the reasoning of the case law cited on pp. 3-10, *supra*, the recited "intercepting," "storing," and "examining" steps each describes a "function of a machine" which, as a matter of law, "cannot be patented." *Westinghouse*, 170 U.S. at 562; *see* D.I. 23 ¶¶ 97-112; D.I. 23-1 ¶¶ 2-11. Under the reasoning of the case law cited on pp. 3-10, *supra*, the recital "disambiguating file descriptors" describes a "result" of a machine's operation, in the same way as did the results of the apparatus at issue in *Halliburton*, *Westinghouse*, *Risdon*, *Fuller*, *Burr*, *Corning*, *Morse*, and *Ameranth*. And as with the claims held invalid in *Halliburton* and *Morse*, claim 8 of the '613 Patent is worded in such a way as to encompass any and every computer system that performs the functions recited in the claim, irrespective of what might

11

be a computer system's physical structure or computer program code. D.I. 23 ¶ 102; D.I. 23-1 ¶¶ 2-11. On its face, claim 8 of the '613 Patent violates the "particularly pointing out" provision of 35 U.S.C. § 112 ¶ 2 and its associated "rule that a patentee may not broaden his claims by describing the product in terms of function." *United Carbon*, 317 U.S. at 234.

**U.S. Patent No. 6,651,063 ("'063 Patent)**. Asserted claim 4 of the '063 Patent recites "[a] method" that comprises "associating," "locating," "creating," "sending," "analyzing," and "placing" steps. D.I. 21-2 at 50. Under the reasoning of the case law cited on pp. 3-10, *supra*, each of these claim recitals describes a "function of a machine" which, as a matter of law, "cannot be patented." *Westinghouse*, 170 U.S. at 562; *see* D.I. 23 ¶¶ 113-137; D.I. 23-2 ¶¶ 2-11. And as with the claims held invalid in *Halliburton* and *Morse*, claim 4 of the '063 Patent is worded in such a way as to encompass any and every computer system that performs the functions recited in the claim, irrespective of what might be a computer system's physical structure or computer program code. D.I. 23 ¶ 118; D.I. 23-1 ¶¶ 2-11. On its face, claim 4 of the '063 patent violates the "particularly pointing out" provision of 35 U.S.C. § 112 ¶ 2 and its associated "rule that a patentee may not broaden his claims by describing the product in terms of function." *United Carbon*, 317 U.S. at 234.

**U.S. Patent No. 8,607,139 ("'139 Patent)**. Asserted claim 1 of the '139 Patent recites "[a] system" that comprises (i) "a content management component configured to: display a graphical user interface based on a metadata template, the metadata template comprising an object that represents a structure and an appearance of a web page"; and (ii) "a web page generator configured to generate the web page based on the metadata template." D.I. 21-2 at 73. Under the reasoning of the case law cited on pp. 3-10, *supra*, the "display" and "generate" recitals each describes a "function of a machine" which, as a matter of law, "cannot be patented." *Westinghouse*, 170 U.S.

12

at 562; *see* D.I. 23 ¶¶138-143. And as with the claims held invalid in *Halliburton* and *Morse*, claim 1 of the '139 Patent is worded in such a way as to encompass any and every computer system that performs the functions recited in the claim, irrespective of what might be a computer system's physical structure or computer program code. D.I. 23 ¶ 142; D.I. 23-1 ¶¶ 2-11. On its face, claim 1 of the '139 Patent violates the "particularly pointing out" provision of 35 U.S.C. § 112 ¶ 2 and its associated "rule that a patentee may not broaden his claims by describing the product in terms of function." *United Carbon*, 317 U.S. at 234.

**U.S. Patent No. 8,762,498 ("'498 Patent")**. Asserted claim 1 of the '498 Patent recites "[a] method" that comprises "determining," "establishing," and "instructing" steps. D.I. 21-2 at 86. Under the reasoning of the case law cited on pp. 3-10, *supra*, each of these claim recitals describes a "function of a machine" which, as a matter of law, "cannot be patented." *Westinghouse*, 170 U.S. at 562; *see* D.I. 23 ¶¶ 144-50; D.I. 23-1 ¶¶ 2-11. And as with the claims held invalid in *Halliburton* and *Morse*, claim 1 of the '498 Patent is worded in such a way as to encompass any and every computer system that performs the functions recited in the claim, irrespective of what might be a computer system's physical structure or computer program code. D.I. 23 ¶ 149; D.I. 23-1 ¶¶ 2-11. On its face, claim 1 of the '498 Patent violates the "particularly pointing out" provision of 35 U.S.C. § 112 ¶ 2 and its associated "rule that a patentee may not broaden his claims by describing the product in terms of function." *United Carbon*, 317 U.S. at 234.

**U.S. Patent No. 7,209,959 ("'959 Patent")**. Asserted claim 1 of the '959 Patent recites "[a] method comprising: . . . setting up a forwarding session . . . ; employing a forwarder . . . ; employing a controller . . . ; employing a deceiver . . . ; and . . . initiating the forwarding session." D.I. 21-2 at 223-24. Under the reasoning of the case law cited on pp. 3-10, *supra*, each of these claim recitals describes a "function of a machine" which, as a matter of law, "cannot be patented."

13

*Westinghouse*, 170 U.S. at 562; *see* D.I. 23 ¶¶ 151-59; D.I. 23-1 ¶¶ 2-11.  And as with the claims held invalid in *Halliburton* and *Morse*, claim 1 of the '959 Patent is worded in such a way as to encompass any and every computer system that performs the functions recited in the claim, irrespective of what might be a computer system's physical structure or computer program code.  D.I. 23 ¶ 155; D.I. 23-1 ¶¶ 2-11.  On its face, claim 1 of the '959 Patent violates the "particularly pointing out" provision of 35 U.S.C. § 112 ¶ 2 and its associated "rule that a patentee may not broaden his claims by describing the product in terms of function."  *United Carbon*, 317 U.S. at 234.

**U.S. Patent No. 7,246,351 ("'351 Patent)**.  Asserted claim 1 of the '351 Patent recites "[a] system" that comprises "an application assembler for . . . downloading . . . , retrieving . . . , assembling, . . . and running . . . ."  D.I. 21-2 at 248.  Under the reasoning of the case law cited on pp. 3-10, *supra*, the "downloading," "retrieving," "assembling, and "running" recitals each describes a "function of a machine" which, as a matter of law, "cannot be patented."  *Westinghouse*, 170 U.S. at 562; *see* D.I. 23 ¶¶ 160-63; D.I. 23-1 ¶¶ 2-11.  And as with the claims held invalid in *Halliburton* and *Morse*, claim 1 of the '351 Patent is worded in such a way as to encompass any and every computer system that performs the functions recited in the claim, irrespective of what might be a computer system's physical structure or computer program code.  D.I. 23 ¶ 164; D.I. 23-1 ¶¶ 2-11.  On its face, claim 1 of the '351 Patent violates the "particularly pointing out" provision of 35 U.S.C. § 112 ¶ 2 and its associated "rule that a patentee may not broaden his claims by describing the product in terms of function."  *United Carbon*, 317 U.S. at 234.

**U.S. Patent No. 7,398,298 ("'298 Patent)**.  Asserted claim 1 of the '298 Patent recites "[a] system for providing remote control of data directory structures" that comprises a "computing application operating . . . on the computer server to process received requests."  D.I. 21-2 at 271.

14

Under the reasoning of the case law cited on pp. 3-10, *supra*, each of these claim recitals describes a "function of a machine" which, as a matter of law, "cannot be patented." *Westinghouse*, 170 U.S. at 562; *see* D.I. 23 ¶¶ 166-71; D.I. 23-1 ¶¶ 2-11.  Under the reasoning of the case law cited on pp. 3-10, *supra*, the '298 Patent claim term "providing remote control of data directory structures" also describes a "result" of a machine's operation, in the same way as did the results of the apparatus at issue in *Halliburton*, *Westinghouse*, *Risdon*, *Fuller*, *Burr*, *Corning*, *Morse*, and *Ameranth*.  And as with the claims held invalid in *Halliburton* and *Morse*, claim 1 of the '298 Patent is worded in such a way as to encompass any and every computer system that performs the functions recited in the claim, irrespective of what might be a computer system's physical structure or computer program code.  D.I. 23 ¶ 170; D.I. 23-1 ¶¶ 2-11.  On its face, claim 1 of the '298 Patent violates the "particularly pointing out" provision of 35 U.S.C. § 112 ¶ 2 and its associated "rule that a patentee may not broaden his claims by describing the product in terms of function." *United Carbon*, 317 U.S. at 234.

## II.   35 U.S.C. § 112 ¶ 2 PROVIDES A STATUTORY ALTERNATIVE TO ANALYSIS OF WHETHER PATENT CLAIMS ARE DIRECTED TO "ABSTRACT IDEAS."

The Supreme Court's *Morse* decision rested on two alternative grounds.  The first, and better-known, ground of decision in *Morse* was a holding that limited the *type* of subject matter that can be patented: "Laws of nature, natural phenomena, and abstract ideas are *not patentable*." *Alice Corp Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (emphasis added) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc*., 569 U.S. 576, 589 (2013) (citing *Morse*)).

*Morse* is often cited as authority supporting holdings that claims are directed to subject matter falling outside of 35 U.S.C. § 101.  *See, e.g.*, *Chargepoint, Inc. v. Semaconect, Inc*., 920 F.3d 759, 769 & n.5 (Fed. Cir. 2019); *Interval Licensing LLC v. AOL, Inc*., 896 F.3d 1335, 1342-43 (Fed. Cir. 2018).  Similarly here, the asserted claims could be analyzed for whether they are

15

"directed to" "abstract ideas" and, if so, whether they nevertheless recite "an 'inventive concept.'" *Alice*, 573 U.S. at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72-73 (2012)).[1]

There is, however, a far more predictable, administrable, and well-developed legal standard available: "the rule that a patentee may not broaden his claims by describing the product in terms of function." *United Carbon*, 317 U.S. at 234. This "rule" is based on the "particularly pointing out" language of 35 U.S.C. § 112 ¶ 2 (2006) and flows from *Morse*'s second ground of decision, namely, that "independently of judicial authority, we do not think that *the language used in the act of Congress*, can justly be expounded otherwise." 56 U.S. (15 How.) at 118. Construing and applying the statutory predecessor of 35 U.S.C. § 112, the *Morse* decision states:

> Whoever discovers that a certain useful result will be produced, in any art, machine, manufacture, or composition of matter, by the use of certain means, is entitled to a patent for it; provided he specifies the means he uses in a manner so full and exact, that anyone skilled in the science to which it appertains, can, by using the means he specifies, without any addition to, or subtraction from them, produce precisely the result he describes. And if this cannot be done by the means he describes, the patent is void. *And if it can be done, then the patent confers on him the exclusive right to use the means he specifies to produce the result or effect he describes, and nothing more.* And it makes no difference, in this respect, whether the effect is produced by chemical agency or combination; or by the application of discoveries or principles in natural philosophy known or unknown before his invention; or by machinery

---

[1] To illustrate: claim 8 of the '613 Patent recites "[a] method in a computer system for disambiguating file descriptors" comprising "intercepting," "storing," and "examining" steps. D.I. 21-2 at 28. This "method" is very similar in form and substance to a "method" that was held to describe an unpatentable "abstract idea" in *Intellectual Ventures I LLC v. Symantec Corp.*, 832 F.3d 1307, 1313 (Fed. Cir. 2016); *see id.* ("[a] method for identifying characteristics of data files" comprising "receiving," "determining," and "outputting" steps). Similar "abstract idea" analysis could be applied to all of the asserted claims in this case. *Cf. Free Stream Media Corp. v. Alphonso Inc.*, 996 F.3d 1355, 1358-59 (Fed. Cir. 2021) (invalidating claims similar to '498 Patent claim 1 and '959 Patent claim 1); *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1339 (Fed. Cir. 2017) (invalidating claims similar to '139 Patent claim 1 and '298 Patent Claim 1); *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1256, 1265 (Fed. Cir. 2016) (invalidating claims similar to '351 Patent claim 1); *In re TLI Commc'ns LLC Patent Litigation*, 823 F.3d 607, 610 (Fed Cir. 2016) (invalidating claims similar to '063 Patent claim 4).

acting altogether upon mechanical principles. In either case he must describe the manner and process as above mentioned, and the end it accomplishes. And anyone may lawfully accomplish the same end without infringing the patent, if he uses means substantially different from those described.

Indeed, if the eighth claim of the patentee can be maintained, there was no necessity for any specification, further than to say that he had discovered that, by using the motive power of electro-magnetism, he could print intelligible characters at any distance. We presume it will be admitted on all hands, that no patent could have issued on such a specification. *Yet this claim can derive no aid from the specification filed. It is outside of it, and the patentee claims beyond it*. And if it stands, it must stand simply on the ground that the broad terms above mentioned were a sufficient description, and entitled him to a patent in terms equally broad. In our judgment the act of Congress cannot be so construed. . . .

Now, in this case, there is no description but one, of a process by which signs or letters may be printed at a distance. And yet he claims the exclusive right to any other mode and any other process, although not described by him, by which the end can be accomplished, if electro-magnetism is used as the motive power. That is to say – *he claims a patent, for an effect produced by the use of electro-magnetism distinct from the process or machinery necessary to produce it*. The words of the acts of Congress above quoted show that no patent can lawfully issue upon such a claim. . . . The evil is the same if he claims more than he has invented, although no other person has invented it before him. He prevents others from attempting to improve upon the manner and process which he has described in his specification-and may deter the public from using it, even if discovered. *He can lawfully claim only what he has invented and described, and if he claims more his patent is void*.

*Morse*, 56 U.S. (15 How.) 119-21 (emphasis added).

Substitute the phrase "a computer system" for "electromagnetism"; and substitute the functions or results recited in the asserted claims here (e.g., "intercepting", "storing", "examining", "associating", "placing", "generate", etc.) for "print[ing] intelligible characters at any distance," and the *Morse* decision quoted above is fully applicable to this case under the Plaintiff's own characterizations of the claims-in-suit (D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, 84;  D.I. 23 ¶¶ 97-171; D.I. 23-1 ¶¶ 2-11; *see* Claim Appendix at 1 n.1); and this is so regardless of whether the asserted claims might also be deemed "directed to" "abstract ideas" and to lack "inventive concept[s]." *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. at 66).  The Court need not address the latter issue in this case.

17

III.    **THE COURT SHOULD RESOLVE THIS CASE**
        **QUICKLY AND INEXPENSIVELY AT AN EARLY STAGE.**

Patent litigation is notoriously expensive.  The cost of defending claims for alleged patent infringement, no matter how flimsy such claims might be, is such as to prompt many defendants to pay nuisance value to settle infringement claims for less than the cost of seeking early dismissal on motion.  Enforcement of the law identified in Part I, *supra*, would reduce the drain on judicial and party resources that much current-day patent litigation needlessly generates.

Defendant initially moved for judgment on the pleadings on May 19, 2021.  D.I. 17.  That motion received national attention.[2]  In an apparent attempt to cure the defect pointed out in Defendant's original motion for judgment on the pleadings, Plaintiff filed a First Amended Complaint (D.I. 21) which added three new patents and newly alleged, as to each asserted patent, that: "the limitations and/or steps in the claims . . . are defined by what they do (not what they are)."  D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, 84.  Under the case law presented on pp. 3-10 *supra*, the new allegations in D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, 84 effectively admit to invalidity.  *See Halliburton*, 329 U.S. at 9 ("The language of the claim thus describes this most crucial element in the 'new' combination in terms of what it will do rather than in terms of its own physical characteristics or its arrangement in the new combination apparatus.").

Plaintiff's further new allegations, "the teachings of the [patent-in-suit] provides [sic] to any skilled artisan sufficient structure, material, or acts necessary to perform the recited function or provides information sufficiently identifying a finite group of structures, materials, or acts necessary to perform the recited function that were well known to skilled artisans at the priority date" (D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, 84) do not distinguish this case from *Halliburton* or its many

---

[2] *See* https://patentlyo.com/patent/2021/07/dismissal-pleadings-indefiniteness.html.

predecessor decisions described on pp. 3-10 *supra*.  The Walker patent at issue in *Halliburton* contained an enabling description and drawing of an allegedly novel, adjustable acoustic resonator that operated to detect and amplify echoes received from oil well tubing collars while filtering out echoes from other oil well obstructions, *see* 329 U.S. at 6-7, but that fact did not save the asserted claims from invalidation.  *Id*. at 12-14.  The problem in *Halliburton* was not a lack of enabling disclosure, but patent claim recitals that did not "particularly point[] out" (35 U.S.C. § 112 ¶ 2) the structural features of the disclosed novel receiver/amplifier element but, rather, used words that characterized the disclosed element "*in terms of what it will do* rather than in terms of its own physical characteristics or its arrangement in the new combination apparatus novel elements."  329 U.S. at 9 (emphasis added).  Such a claim description of a novel element of an invention is invalid under the "particularly pointing out" provision of 35 U.S.C. § 112 ¶ 2, because it is not limited to equivalents of corresponding structure, material, or acts disclosed in a patent's specification and drawings.  *See Walker*, 329 U.S. at 12 ("if Walker's blanket claims be valid,  no device to clarify echo waves, now known or hereafter invented, *whether the device be an actual equivalent of Walker's ingredient or not*, could be used in a combination such as this, during the life of Walker's patent.") (emphasis added) (citing *O'Reilly v. Morse*, 56 U.S. (15 How.) at 112-13).  The same is true here.

The proper meaning of the "particularly pointing out" phrase in 35 U.S.C. § 112 ¶ 2 is an issue of law that the Court can and should decide at this stage.  Whether the Supreme Court precedents cited on pp. 3-10 *supra* remain the law, and bind lower federal courts today, is also a question of law that the Court can and should decide at this stage.  Whether the claims-in-suit are compliant with the "particularly pointing out" requirement of 35 U.S.C. § 112 ¶ 2 and its associated "rule that a patentee may not broaden his claims by describing the product in terms of function,"

19

*United Carbon*, 317 U.S. at 234, is also a matter that the Court can and should decide at this stage: the Plaintiff has admitted, and indeed affirmatively alleged (D.I. 24 ¶¶ 24, 32, 40, 54, 62, 70, 84), that the claims-in-suit violate this rule.  *See also* D.I. 23 ¶¶ 97-171; D.I. 23-1 ¶¶ 2-11; Claim Appendix attached hereto.

For purposes of testing the sufficiency of a complaint for alleged patent infringement, the Court need not engage in costly claim word "construction" proceedings in every case, but can assume, for purposes of argument, that asserted patent claim words have the meaning that the claimant has attributed to them.  *See, e.g., Gammino v. Am. Tel. & Tel. Co*., 127 F. Supp. 3d 264, 267-68 (D. Del. 2015) (setting out Rule 12(c) standard and assuming, for purposes of argument, the claim word meaning proposed by the claimant); *Teleflex Inc. v. KSR Int'l Co*., 298 F. Supp. 2d 581, 591 (E.D. Mich. 2003) ("neither party disputes any language of claim 4 in the context of Defendant's motion for invalidity."), *vacated on other grounds*, 119 F. App'x 282 (Fed. Cir. 2005), *rev'd sub nom. KSR Int'l Co. v. Teleflex Inc*., 550 U.S. 398 (2007) (reinstating district court's summary judgment of invalidity).

The inventors named in the asserted patents were free to seek patent protection for novel, useful, and non-obvious *structures* they might have developed to perform the functions or achieve the results recited in the asserted claims, as with claims 1-7 of the Morse patent upheld in *Morse* and claims 18, 20, 22, and 23 of the Jones et al. patent upheld in *Graver I*.  But they could not rightly patent the functions or results themselves.

## CONCLUSION

For the reasons set forth above, the Court should enter judgment in Defendant's favor on the basis that the claims in suit are invalid under 35 U.S.C. § 112 ¶ 2.

Dated: July 28, 2021

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com


James W. Dabney (pro hac vice)
James R. Klaiber (pro hac vice)
Lynn M. Russo (pro hac vice)
Michael M. Polka (pro hac vice)
Justin W. Taylor (pro hac vice)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY  10004-1482
T: 212.837.6000
F: 212.422.4726
james.dabney@hugheshubbard.com
james.klaiber@hugheshubbard.com
lynn.russo@hugheshubbard.com
michael.polka@hugheshubbard.com
justin.taylor@hugheshubbard.com

**ATTORNEYS FOR DEFENDANT
SQUARESPACE, INC.**

21

101182996