# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SQUARESPACE, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 1:21-cv-00164-LPS<br><br>**Chief Judge Leonard P. Stark** |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS FIRST AMENDED COMPLAINT TO CORRECT ERRORS

Plaintiff DATACLOUD TECHNOLOGIES, LLC (hereinafter, "DataCloud") hereby moves for leave to correct its First Amended Complaint (D.I. 21) pursuant to Fed. R. Civ. P. 15. The reason for this Motion is to allow DataCloud to correct a pleading error that DataCloud first discovered when reviewing the Motion for Judgment on the Pleadings filed by Defendant SQUARESPACE, INC. (hereinafter, "Squarespace") on July 28, 2021 (D.I. 24; brief at D.I. 25).

In drafting the First Amended Complaint, a transposition error was made by counsel for DataCloud. *See* McDonough Declaration at ¶ 3. Specifically, in drafting the First Amended Complaint, counsel for DataCloud inadvertently transposed the words "are" and "do" when drafting the first sentence of Paragraph 24 of that complaint. *Id.* The error resulted in the sentence appearing to allege that the subject claim limitations/steps are functional, which was not the intent. *Id.* Unfortunately, the error in Paragraph 24 was missed, and it was later propagated to the first sentence of Paragraphs 32, 40, 54, 62, 70, and 84. *Id.* However, reference to the remainder of that the subject paragraphs show that the word transposition was indeed a mistake. For instance, following the sentence that includes the error, Paragraph 24 continues by alleging that "[e]ven if any limitation and/or step of the claims is 'functional'—and none are[,]" which indicates that the

order of the words "do" and "are" should have been reversed.  *See* D.I. 21, ¶24.  Each of Paragraphs 32, 40, 54, 62, 70, and 84 have similar language in their second sentence that evidencing the original intent of the first sentence, which was clearly not meant to allege that the subject limitations are functional.  *See* D.I. 21, ¶¶ 32, 40, 54, 62, 70, and 84

The proposed Second Amended Complaint corrects the error in each of the Paragraphs identified above, as follows:

> Original: "defined by what they ***do*** (not what they ***are***)"
> Corrected: "defined by what they ***are*** (not what they ***do***)"

*See* McDonough Declaration at ¶ 4.  No other substantive edits are proposed, nor does DataCloud seek to add parties or patents if it is allowed to file its proposed Second Amended Complaint (attached hereto).

Under Fed. R. Civ. P.15(a), "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. Proc. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2).  "The court should freely give leave when justice so requires." *Id.*  A motion for leave to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mullin v. Balicki*, 875 F.3d 140, 149 (3rd Cir. 2017) ("the Rule instructs courts to 'freely give leave [to amend] when justice so requires." (alteration original; quoting Fed. R. Civ. Proc. 15(a)(2)).

Whether leave to amend under Fed. R. Civ. P. 15(a) should be granted "is within the

discretion of the trial court." *Zenith Radio Corp v. Hazeltine Research, Inc,* 401 U.S. 321, 330 (1971).  The Third Circuit views amendments under Fed. R. Civ. Proc. 15(a)(2) as a "liberal amendment regime [that] helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Mullin*, 875 F.3d at 149 (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).  "Denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility."  *Id*. (citing *Foman*, 371 U.S. at 182).  "The *Foman* factors are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff."  *Id*. at 149-150 (internal citations omitted).

     Here, none of the *Foman* factors points to denial of DataCloud's request.  Within two weeks of the error being brought to DataCloud's attention, a correction is being sought.  Although DataCloud seeks to amend its complaint a second time, the First Amended Complaint did address alleged deficiencies in the Original Complaint identified by Squarespace in its first Fed. R. Civ. P. 12(c) Motion (D.I. 16).  In addition, three additional patents were added to the First Amended Complaint (D.I. 21).  Discovery is not yet open and there is no schedule, so granting leave would not prejudice or burden the Court.  Given the early stage of this case, there is also no prejudice to Squarespace, and to avoid doubt, it cannot be reasonably argued that allowing DataCloud to correct the error in its complaint would prejudice Squarespace by depriving it of the opportunity to gain a tactical advantage by seizing on a clear error in the operative complaint.  Finally, denying DataCloud leave to amend in order to correct its operative complaint would greatly prejudice it because the current complaint states exactly the opposite of what it should have said, and

Squarespace is attempting to use that mistake as fodder to help it invalidate DataCloud's claims. As such, denying DataCloud the opportunity to fix the error would be contrary to the liberal policy that favors adjudication on the merits. *See Mullin*, 875 F.3d at 149.

DataCloud respectfully requests that the Court grant its motion for leave to file its Second Amended Complaint, which is attached hereto.[1]

**SO ORDERED**

Date:_____    _____
United States District Judge

---

[1] Also attached is a Redline comparison of the First Amended Complaint (D.I. 21) to the proposed Second Amended Complaint.

Dated: <u>August 11, 2021</u>                          Respectfully submitted,

                                                                **Stamoulis & Weinblatt, LLC**

                                                                <u>/s/ Stamatios Stamoulis</u>
                                                                Stamatios Stamoulis (#4606)
                                                                Richard C. Weinblatt (#5080)
                                                                800 N. West Street Third Floor
                                                                Wilmington, Delaware 19801
                                                                Telephone: (302) 999-1540
                                                                Email: stamoulis@swdelaw.com
                                                                Email: weinblatt@swdelaw.com

                                                                James F. McDonough, III (Bar No. 117088, GA)*
                                                                Jonathan R. Miller (Bar No. 507179, GA)*
                                                                Travis E. Lynch (Bar No. 162373, GA)*
                                                                **HENINGER GARRISON DAVIS, LLC**
                                                                3621Vinings Slope, Suite 4320
                                                                Atlanta, Georgia 30339
                                                                Telephone: (404) 996-0869, -0863, -0867
                                                                Facsimile: (205) 547-5502, -5506, -5515
                                                                Email: jmcdonough@hgdlawfirm.com
                                                                Email: jmiller@hgdlawfirm.com
                                                                Email: tlynch@hgdlawfirm.com

                                                                ***Attorneys for Plaintiff DataCloud Technologies, LLC***

* admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

Date: <u>August 11, 2021</u>              */s/ Stamatios Stamoulis*
                                                Stamatios Stamoulis #4606