IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC, | : |
| Plaintiff, | : : : |
| v. | : C.A. No. 21-cv-164-LPS : |
| SQUARESPACE, INC, | : : |
| Defendant. | : : |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S
RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS**

Dated: August 18, 2021

Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

James W. Dabney (admitted *pro hac vice*)
James R. Klaiber (admitted *pro hac vice*)
Lynn M. Russo (admitted *pro hac vice*)
Michael M. Polka (admitted *pro hac vice*)
Justin E. Taylor (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

*Attorneys for Defendant Squarespace, Inc.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I. THE ENACTMENT OF 35 U.S.C. § 112 ¶ 6 IN 1952 DID NOT ALTER THE WELL-SETTLED MEANING OF "PARTICULARLY POINT[] OUT." ................................................................................................................. 3

II. THE PRESENT MOTION RAISES A THRESHOLD DISPOSITIVE ISSUE THAT IS SUITABLE FOR DETERMINATION AT THIS TIME. .......... 6

III. PLAINTIFF'S ANSWERING BRIEF PROPOSES AN INCORRECT AND ILLEGITIMATE STANDARD FOR APPLYING 35 U.S.C. § 112 ¶ 2 (2006). .............................................................................................................. 7

IV. PLAINTIFF'S UNUSUAL BID TO RETRACT PLEADED ADMISSIONS SHOULD NOT RESULT IN PROLONGATION OF THIS LITIGATION. ............................................................................................ 9

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Case**                                                                                                                   **Page(s)**

*Bradley v. Chiron Corp.*,
  136 F.3d 1317 (Fed. Cir. 1998) .................................................................................... 10

*Gammino v. Am. Tel. & Tel. Co.*,
  127 F. Supp. 3d 264 (D. Del. 2015) ............................................................................... 7

*Graham v. John Deere Co.*,
  383 U.S. 1 (1966) ......................................................................................................... 11

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*,
  336 U.S. 271 (1949) ............................................................................................. 2, 7, 8

*Greenberg v. Ethicon Endo-Surgery, Inc.*,
  91 F.3d 1580 (Fed. Cir. 1996) ........................................................................................ 5

*Halliburton Oil Well Cementing Co. v. Walker*,
  329 U.S. 1 (1946) ............................................................................................. 1, 3, 4, 5

*Helsinn Healthcare, S.A. v. Teva Pharms. USA, Inc.*,
  139 S. Ct. 628 (2019) .................................................................................................. 1, 5

*Hughes Tool Co. v. Trans World Airlines, Inc.*,
  409 U.S. 363 (1973) ........................................................................................................ 6

*Markman v. Westview Instruments, Inc.*,
  517 U.S. 370 (1996) .................................................................................................. 1, 6

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
  572 U.S. 898 (2014) ........................................................................................................ 9

*O'Reilly v. Morse*,
  56 U.S. (15 How.) 62 (1854) ......................................................................................... 4

*Shapiro v. United States*,
  335 U.S. 1 (1948) ........................................................................................................ 1, 5

*TC Heartland LLC v. Kraft Food Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) .................................................................................................... 5

*United Carbon Co. v. Binney & Smith Co.*,
  317 U.S. 238 (1942) ............................................................................................. 1, 4, 6, 8

*Valmont Indus., Inc. v. Reinke Mfg Co.*,
  983 F.2d 1039 (Fed. Cir. 1993) ..................................................................................... 5

## TABLE OF AUTHORITIES
## Cont'd

**Case**                                                     **Page(s)**

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
   520 U.S. 17 (1997) .................................................................................................................. 4

*Westinghouse v. Boyden Power Brake Co.*,
   170 U.S 537 (1898) ................................................................................................................. 1

*Williamson v. Citrix Online, LLC*,
   792 F.3d 1339 (Fed. Cir. 2015) ....................................................................................... 2, 9, 10

**Statutes and Rules**

35 U.S.C. § 112 ............................................................................................................................*Passim*

Fed. R. Civ. P. 15(a)(2) ................................................................................................................... 3

Plaintiff's answering brief (D.I. 27) does not controvert any of the following points:

1. The statutory phrase, "particularly pointing out" (35 U.S.C. § 112 ¶ 2 (2006)), is a reenactment of substantially identical language that appeared in the Patent Act of 1870 and the Patent Act of 1836. *See* D.I. 25 at 2.

2. Prior to 1952, the Supreme Court construed the statutory phrase "particularly point out" as prescribing "the rule that a patentee may not broaden his claims by describing the product in terms of function." *United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 238, 234 (1942). *See* D.I. 25 at 1-10.

3. By including the phrase "particularly pointing out" in 35 U.S.C. § 112 ¶ 2 (2006), "Congress must be considered to have adopted also the construction given by this Court to such language and made it part of the enactment." *Helsinn Healthcare, S.A. v. Teva Pharms. USA, Inc.*, 139 S. Ct. 628, 634 (2019) (quoting *Shapiro v. United States*, 335 U.S. 1, 16 (1948)). *See* D.I. 25 at 2-3.

4. The claims-in-suit do not satisfy "the rule that a patentee may not broaden his claims by describing the product in terms of function" (317 U.S. at 234) but, to the contrary, are worded in such a way as to encompass any and every computer system that performs the functions recited in the asserted claims, irrespective of what might be a computer system's physical structure or computer program code. *See* D.I. 23 ¶¶ 97-171; D.I. 23-1 ¶¶ 2-11; D.I. 25 at 11-15, 17-20.

Plaintiff's answering brief does not attempt to demonstrate that the claims-in-suit *satisfy* the "rule" stated in *United Carbon* or its iteration most relevant here, "the function of a machine cannot be patented." *Westinghouse v. Boyden Power Brake Co.*, 170 U.S 537, 562 (1898); *see Halliburton Oil Well Cementing Co. v. Walker*, 329 U.S. 1, 9 (1946) (holding invalid, under statutory predecessor of 35 U.S.C. § 112 ¶ 2 (2006), claims which described disclosed tubal echo wave receiver/amplifier "in terms of what it will do rather than in terms of its own physical characteristics or its arrangement in the new combination apparatus").

Instead, Plaintiff argues that the Court should *disregard* and *refuse to enforce* the legal standard of "particularly pointing out" that appears and was applied in the long series of Supreme Court decisions summarized in D.I. 25 at 3-10 and is stated as black letter law in *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 373 (1996). *See* D.I. 25 at 1-10. Plaintiff asserts that "the principal [sic] relied on by Squarespace in those cases was abrogated by Congress in the 1952

1

Patent Act." D.I. 27 at 1. In fact, the Patent Act of 1952 *reenacted*, without substantive change, the statutory text that supports the principle stated and applied in the Supreme Court decisions cited in D.I. 25 at 1-10. Plaintiff's "abrogated" argument consists of little more than wishful misreading of dicta in two older Federal Circuit decisions (D.I. 27 at 2, 6-7), neither of which addressed, or had any occasion to address, the effect of 35 U.S.C. § 112 ¶ 2 (2006) on claim recitals which *do not* invoke 35 U.S.C. § 112 ¶ 6 (2006). Part I, *infra*.

Plaintiff next asserts that the Court should delay resolution of the present motion until there is "a developed factual record and after claim construction proceedings." D.I. 27 at 1, 8-10. This unabashedly dilatory argument rests on a false premise, namely, that the present motion contends that the claims-in-suit are "indefinite." D.I. 27 at 2. In fact, Defendant's motion nowhere states that the claims-in-suit are "indefinite" and never even uses the word "indefinite." The defect in the claims-in-suit is that they "overclaim the invention," *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 336 U.S. 271, 277 (1949) ("*Graver I*"), and do so in terms that are quite definite. Early and inexpensive resolution of this action should not be withheld based an errant mischaracterization of Defendant's motion as purportedly asserting claim "indefiniteness." Part II, *infra*.

Plaintiff next asserts that compliance with the "particularly pointing out" requirement of 35 U.S.C. § 112 ¶ 2 (2006) must be judged, not according to the legal standard that the Supreme Court applied and stated in the line of decisions cited in D.I. 25 at 1-10, but rather according to a very different legal standard that Plaintiff variously articulates in different parts of its answering brief. *See* D.I. 27 at 1 ("if that language imparts structure reasonably certain to a skilled artisan"); *id*. at 3 ("whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure") (quoting *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349 (Fed. Cir. 2015) (en banc)); *id*. at 9 ("if the claim term is used

in common parlance or by a person of skill in the pertinent art to designate structure"); *id*. at 11 ("THE TERMS IDENTIFIED IMPART STRUCTURE TO SKILLED ARTISANS"). The legal standard apparently advanced by Plaintiff appears to be an ill-conceived mash-up of standards governing claim word "indefiniteness" and governing whether 35 U.S.C. § 112 ¶ 6 (2006) applies to a claim that does not use the phrase "means for." The "imparts structure reasonably certain" standard proposed by Plaintiff is incorrect and illegitimate and should be rejected. Part III, *infra*.

Finally, Plaintiff seeks to avoid any early test of the sufficiency of the claims made in its First Amended Complaint by filing a motion (D.I. 28) for leave to *retract* its allegations, "A person skilled in the art covered in the [patents-in-suit] would understand that each of the limitations and/or steps in the claims . . . are defined by what they do (not what they are)" (D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, 84), and to allege that the truth is *precisely the opposite* of what those allegations state. Defendant will be responding separately to the motion to amend; for now it is sufficient to note that D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, 84 are consistent with the legal standard that Plaintiff has asserted, in its answering brief, purportedly governs whether the claims-in-suit satisfy the requirements of 35 U.S.C. § 112 ¶ 2 (2006). Leave to amend a complaint may be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, justice would be ill-served by permitting the Plaintiff to avoid a judicial test of Plaintiff's existing claims and the errant legal theories that Plaintiff's answering brief puts forward in support thereof. Part IV, *infra*.

## I. THE ENACTMENT OF 35 U.S.C. § 112 ¶ 6 IN 1952 DID NOT ALTER THE WELL-SETTLED MEANING OF "PARTICULARLY POINT[] OUT."

As Defendant has previously briefed to the Court (D.I. 25 at 9, 18-19), the Supreme Court's decision in *Halliburton* is one of a long line of precedents that construes "particularly point[] out" (35 U.S.C. § 112 ¶ 2 (2006)) as prescribing "the rule that a patentee may not broaden his claims by describing the product in terms of function." *United Carbon*, 317 U.S. at 234. *Halliburton*

extended this rule to an element of a "combination" invention, in that case a machine that comprised a section of pipe whose length could be adjusted such that it amplified certain echo waves and filtered out others. 329 U.S. at 5-7. The pipe was described in claim language as "means associated with said pressure responsive device for tuning said receiving means to the frequency of echoes from the tubing collars of said tubing sections to clearly distinguish the echoes from said couplings from each other." *Id*. at 8-9. The Court held that this claim recital was invalid under the statutory predecessor of 35 U.S.C. § 112 ¶ 2 (2006) because it "describe[d] this most crucial element in the 'new' combination in terms of what it will do rather than in terms of its own physical characteristics or its arrangement in the new combination apparatus," *id.* at 9, and was not limited to equivalents of the corresponding disclosed tubal resonator. *Id.* at 12-14 (citing *O'Reilly v. Morse*, 56 U.S. (15 How.) 62, 112-13 (1854), and subsequent decisions following *Morse* discussed in D.I. 25 at 1-10).

The Patent Act of 1952 reenacted, without substantive change, the "particularly point out" text that the *Halliburton* decision applied. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 26 (1997) ("The 1952 Patent Act is not materially different from the 1870 Act with regard to claiming, reissue, and the role of the PTO."). At the same time, and "in response to" the *Halliburton* decision, *id*. at 27, Congress enacted 35 U.S.C. § 112 ¶ 6 (2006), which provides: "An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof."

As the claims held invalid in *Halliburton* had been written in means-plus-function format, the authorization of "means for" claims in 35 U.S.C. § 112 ¶ 6 has been characterized, in dictum,

4

as operating "to overrule that holding," *Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580, 1582 (Fed. Cir. 1996) (dictum), or to render *Halliburton's* specific holding "obsolete." *Valmont Indus., Inc. v. Reinke Mfg Co.*, 983 F.2d 1039, 1042 (Fed. Cir. 1993) (dictum). But neither *Greenberg* nor *Valmont* addressed, or had any occasion to address, whether claims that *do not* invoke 35 U.S.C. § 112 ¶ 6 remain subject to *Halliburton*'s interpretation of "particularly point[] out."

*Greenberg* vacated a judgment of non-infringement after holding that a claim had been misconstrued as subject to 35 U.S.C. § 112 ¶ 6. 91 F.3d at 1584. *Valmont* held that a patent was subject to 35 U.S.C. § 112 ¶ 6 and not infringed. 983 F.2d at 1044-45. Neither of those decisions states or even suggests that the 1952 Patent Act "abrogated" (D.I. 27 at 1) the entire body of Supreme Court precedent described Defendant's opening brief. *See* D.I. 25 at 1-10, 18-20.

It is undisputed that the Patent Act of 1952 reenacted, without substantive change, the "particularly point out" language that the Supreme Court applied in *United Carbon* and other authorities cited in D.I. 25 at 1-10. In these circumstances, "Congress must be considered to have adopted also the construction given by this Court to such language, and made it part of the enactment." *Helsinn*, 139 S. Ct. at 634 (quoting *Shapiro*, 335 U.S. at 16); *see TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514, 1520-21 (2017) (quoting A. Scalia & B. Garner, *Reading Law* 322 (2012) ("Prior-Construction Canon")). This point is not contested but simply disregarded in Plaintiff's answering brief.

The *addition* of 35 U.S.C § 112 ¶ 6 (2006) does not call for any different conclusion: "A clear, authoritative judicial holding on the meaning of a particular provision should not be cast in doubt and subject to challenge whenever a related though not utterly inconsistent provision is adopted in the same statute or even in an affiliated statute." A. Scalia & B. Garner, *Reading Law:* at 331. Underscoring this point, the Supreme Court in *Markman* repeated the rule it had long

construed the statutory phrase "particularly point[] out" to prescribe: "A claim covers and secures a process, a machine, a manufacture, a composition of matter, or a design, but *never the function or result of either* . . . ." 517 U.S. at 373 (emphasis added).

In sum, Plaintiff's principal argument for avoiding judgment on the pleadings, "the principal [sic] relied on by Squarespace in those cases was abrogated by Congress in the 1952 Act" (D.I. 27 at 1), is insupportable. Plaintiff's "abrogated" argument has no basis in the statutory text and flies in the face of applicable canons of statutory construction. Plaintiff's observation that the Supreme Court has received and denied multiple petitions for review of questions similar to that presented by Defendant here (D.I. 27 at 8 n.7) is a sign of the question's substantiality and importance, not that the question has been settled.[1]

## II. THE PRESENT MOTION RAISES A THRESHOLD DISPOSITIVE ISSUE THAT IS SUITABLE FOR DETERMINATION AT THIS TIME.

As noted above, Plaintiff's answering brief does not attempt to demonstrate that the asserted claims satisfy "the rule that a patentee may not broaden his claims by describing the product in terms of function." *United Carbon*, 317 U.S. at 234. Defendant's presentation on this point (D.I. 23 ¶¶ 97-171; D.I. 23-1 ¶¶ 2-11; D.I. 25 at 11-15, 17-20) stands unrebutted. Plaintiff's answering brief does not even mention six of the seven patents that it asserts in this action. If the Court rejects Plaintiff's "abrogated" argument (D.I. 27 at 1, 2, 6-8), which it should, judgment on the pleadings should be entered forthwith.

---

[1] It may be noted that Eli Lilly & Co., the petitioner in cited Supreme Court Case No. 18-1515, not only advocated the same interpretation of 35 U.S.C. § 112 ¶ 2 that Defendant does here, but was supported in that position by major corporate amici including Sanofy-Aventis and High Tech Inventors Alliance whose members are Adobe, Amazon, Cisco, Dell, Microsoft, Google, Intel, Oracle, Salesforce, and Samsung. https://www.hightechinventors.com. The Supreme Court denied review after the respondent persuasively argued that Lilly had waived the issue in its appeal to the Federal Circuit. Contrary to Plaintiff's apparent view, it is "well-settled" that "denial of certiorari imparts no implication or inference concerning the Court's view of the merits." *Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363, 365 n.1 (1973).

Plaintiff's answering brief wrongly mischaracterizes Defendant's "position" as purportedly being, "every claim of the Patents-in-Suit is *indefinite*." D.I. 27 at 2 (emphasis added). To the contrary, Defendant's verified answer pleading (D.I. 23; D.I. 23-1) states that the claims-in-suit describe functions performed by machines, namely, computer systems, and are worded in such a way as to encompass any and every computer system that performs the functions recited in the claim, irrespective of what might be a computer system's physical structure or computer program code. *See* D.I. 23 ¶¶ 102, 118, 142, 149, 155, 164, 170; D.I. 23-1 ¶¶ 2-10; D.I. 25 at 11-15. There is nothing "indefinite" about what all the asserted claims purport to describe.

As Defendant's motion makes no "indefiniteness" contention, Plaintiff's reliance on precedents involving claim "indefiniteness" (D.I. 27 at 2-4, 9-11) is unavailing. At issue here is not a lack of "definiteness," but claim descriptions that clearly and definitely "overclaim the invention." *Graver I*, 336 U.S. at 277. The standard of "particularly pointing out" (35 U.S.C. § 112 ¶ 2 (2006)) invoked by Defendant's motion either is controlling law that binds this Court, or it is not.

Nothing prevents the Court from assuming, for purposes of testing the sufficiency of Plaintiff's claims, that the claims-in-suit have the meaning that Plaintiff itself ascribed to them in its allegations of infringement. *See, e.g., Gammino v. Am. Tel. & Tel. Co.*, 127 F. Supp. 3d 264, 267-68 (D. Del. 2015) (setting out Rule 12(c) standard and assuming, for purposes of argument, the claim word meaning proposed by the claimant). Early and inexpensive resolution of this action is achievable through application of controlling law, and should be achieved.

### III. PLAINTIFF'S ANSWERING BRIEF PROPOSES AN INCORRECT AND ILLEGITIMATE STANDARD FOR APPLYING 35 U.S.C. § 112 ¶ 2 (2006).

In place of the predictable, administrable, and well-established "rule that a patentee may not broaden his claims by describing the product in terms of function," *United Carbon*, 317 U.S. at 234, a standard whose meaning is illustrated and explicated by a sizable body of Supreme Court

7

precedents applying it to diverse technology types and claim descriptions, Plaintiff's answering brief urges this Court to construe "particularly pointing out" (35 U.S.C. § 112 ¶ 6 (2006)) as prescribing a very different legal standard, one that Plaintiff states, without citation, as being: "functional language is perfectly permissible in claiming one's invention if that language *imparts structure reasonably certain* to a skilled artisan." D.I. 27 at 1 (emphasis added).

The purported legal standard quoted in the immediately preceding sentence is flatly contrary to controlling precedent. In *Graver I*, for example, claim 1 of asserted U.S. Patent No. 2,043,960 to Jones et al. recited a process of electric welding that comprised "establishing . . . a conductive path of a high-resistance melt of chemically stable fusible material having at welding temperatures substantially the fluidity and electrical conductivity of a fusible silicate . . . ." The Court held that this claim recital did not satisfy the "particularly point[] out" requirement of the immediate predecessor of 35 U.S.C. § 112 ¶ 2 (2006), because it did not make "specific reference to the essential chemical constituents of the welding composition to be used in the claimed welding process." 336 U.S. at 278. The patentee in *Graver I,* like the patentee here, had attempted to "broaden his claims by describing the product in terms of function," *United Carbon*, 317 U.S. at 234, rather than describe the "essential chemical constituents" of a product whose use formed part of the claimed process. 336 U.S. at 278. The "imparts structure reasonably certain" standard proposed by plaintiff (D.I. 27 at 1) is foreign to *Graver I* and its many predecessors (D.I. 25 at 1-10) and would have led to different outcomes in many of those cases including *Graver I*.

The "imparts structure reasonably certain" standard proposed by Plaintiff appears to be an ill-conceived mash-up of two different legal standards, neither of which is relevant here. The first part of Plaintiff's proposed standard, "imparts structure," appears derived from a standard used to determine if a claim term is a "nonce word" that triggers application of 35 U.S.C. § 112 ¶ 6 (2006).

8

*Williamson*, 792 F.3d at 1350.  The second part of this proposed standard, "reasonably certain," appears derived from the standard for determining claim "definiteness" announced in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 910 (2014).

In this case, however, neither side argues that the claims-in-suit are governed by 35 U.S.C. § 112 ¶ 6 (2006), rendering "nonce word" inquiry irrelevant; and no issue of claim word "indefiniteness" is raised by the present motion either.  At the end of the day, the viability of this lawsuit turns on whether the interpretation of "particularly point[] out" stated and applied in the case law cited in D.I. 25 at 1-10 binds this Court.  It does, as set out in Part I *supra*.

### IV. PLAINTIFF'S UNUSUAL BID TO RETRACT PLEADED ADMISSIONS SHOULD NOT RESULT IN PROLONGATION OF THIS LITIGATION.

Following service of Defendant's original motion for judgment on the pleadings (D.I. 17), Plaintiff filed a First Amended Complaint which newly and strategically alleged, as to each asserted patent, the following (D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, 84):

> A person skilled in the art covered in the [patents-in-suit] would understand that each of the limitations and/or steps in the claims . . . are defined by what they do (not what they are).  Even if any limitation and/or step of the claims is 'functional' – and none are – the teachings of the [patents-in-suit] provides [sic] to any skilled artisan sufficient structure, material, or acts necessary to perform the recited function or provides information sufficiently identifying a finite group of structures, materials, or acts necessary to perform the recited function that were well known to skilled artisans at the priority date.

The first sentence quoted above aptly characterizes terms such as "disambiguating," "intercepting," "storing," and "examining" recited in asserted claim 8 of U.S. Patent No. 6,560,613 (the "'613 Patent").  *See* D.I. 23 ¶¶ 97-112; D.I. 23-1 ¶¶ 2-10; D.I. 25 at 11-12; D.I. 25-1 at 1.  The second sentence quoted above alleges facts that would avoid a holding of "indefiniteness" if the claims-in-suit were held governed by 35 U.S.C. § 112 ¶ 6 (2006) despite their non-use of "means for" claim language.  *Cf. Williamson*, 792 F.3d at 1350-54 (holding claims reciting a "nonce word" were governed by 35 U.S.C.  §112 ¶ 6 and "invalid for indefiniteness").

9

Now, having apparently lost confidence in the theory advanced in the allegations quoted above, Plaintiff has filed an extraordinary motion (D.I. 28) for leave to *retract* the first sentence of each of D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, 84 and to allege *the exact opposite* of what those sentences allege. D.I. 27 at 4 n.5. Both in its timing and its substance, the Plaintiff's proposed pleading amendment appears to be "sham," *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1325 (Fed. Cir. 1998), and should not result in delay or avoidance of a decision on the important legal issues raised by the claims made in Plaintiff's existing First Amended Complaint.

Using the '613 Patent illustratively as Plaintiff's answering brief does (D.I. 27 at 11-15), Plaintiff asserted this patent based on generic descriptions of what a "KVM" (kernel-based virtual machine) does or can be made to do (D.I. 21-2 at 97-119), without regard for what physical structures or computer programs might make up the virtual machine or, when operated, result in externally observable machine functions. *See* D.I. 23 ¶¶ 97-112; D.I. 23-1 ¶¶ 2-10; D.I. 25 at 11-12; D.I. 25-1 at 1. According to Plaintiff's own allegations, the '613 Patent purportedly grants it a right to exclude use of certain functions that a computer system performs or can be made to perform. Merely to state what Plaintiff is claiming is to demonstrate that its proposed new allegations contradict the claims-in-suit and could not rescue them even if allowed.

Plaintiff's assertion that "***nine different examiners***" allowed the claims-in-suit (D.I. 27 a 1; emphasis in original) is not a valid or persuasive argument for disregard of controlling precedent. *Cf. Graham v. John Deere Co.*, 383 U.S. 1, 18 (1966) ("We have observed a notorious difference between the standards applied by the Patent Office and by the courts.").

## CONCLUSION

For the reasons set forth above, the Court should dismiss the First Amended Complaint on the basis that the claims in suit are invalid under 35 U.S.C. § 112 ¶ 2.

Dated: August 18, 2021

Respectfully submitted,

FARNAN LLP

 /s/ Brian E. Farnan
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com


James W. Dabney (admitted *pro hac vice*)
James R. Klaiber (admitted *pro hac vice*)
Lynn M. Russo (admitted *pro hac vice*)
Michael M. Polka (admitted *pro hac vice*)
Justin E. Taylor (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY  10004-1482
T: 212.837.6000
F: 212.422.4726
james.dabney@hugheshubbard.com
james.klaiber@hugheshubbard.com
lynn.russo@hugheshubbard.com
michael.polka@hugheshubbard.com
justin.taylor@hugheshubbard.com

**ATTORNEYS FOR DEFENDANT SQUARESPACE, INC.**