IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 21-cv-164-LPS |
| SQUARESPACE, INC, | : |
| Defendant. | : |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

FARNAN LLP
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

OF COUNSEL:

James W. Dabney (pro hac vice)
James R. Klaiber (pro hac vice)
Lynn M. Russo (pro hac vice)
Michael M. Polka (pro hac vice)
Justin E. Taylor (pro hac vice)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

Attorneys for Defendant
Squarespace, Inc.

August 25, 2021

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................... 1

    I.    PLAINTIFF'S MOTION SHOULD BE DENIED ON THE BASIS THAT ITS PROPOSED NEW ALLEGATIONS CONTRADICT THE CLAIMS-IN-SUIT AND THEIR ASSERTION WOULD, THEREFORE, BE FUTILE. ................................................................................................................ 2

    II.    PLAINTIFF'S MOTION SHOULD BE DENIED ON THE SEPARATE BASIS THAT ITS PROPOSED NEW ALLEGATIONS ARE FALSE AND SHAM. ................................................................................................................ 5

CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

**Case**                                                                                       **Page(s)**

*ALA, Inc. v. CCAIR, Inc.*,
  29 F.3d 855 (3d Cir. 1994) ................................................................................................ 5

*Am. File Co. v. Garrett*,
  110 U.S. 288 (1884) .......................................................................................................... 3

*Bradley v. Chiron Corp.*,
  136 F.3d 1317 (Fed. Cir. 1998) ................................................................................. 5, 6, 9

*Carbone v. Carbone*,
  2021 WL 822786 (D.N.J. Mar. 3, 2021) ........................................................................... 5

*Foman v. Davis*,
  371 U.S. 178 (1962) ................................................................................................. 5, 6, 9

*Greenberg v. Ethicon Endo-Surgery, Inc.*,
  91 F.3d 1580 (Fed. Cir. 1996) .......................................................................................... 7

*Harrison Beverage Co. v. Dribeck Imps., Inc.*,
  133 F.R.D. 463 (D.N.J. 1990) ........................................................................................... 2

*IPA Techs., Inc. v. Amazon.com, Inc.*,
  352 F. Supp. 3d 335 (D. Del. 2019) .................................................................................. 5

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
  873 F.3d 905 (Fed. Cir. 2017) .......................................................................................... 4

*Sovereign Bank v. BJ's Wholesale Club, Inc.*,
  533 F.3d 162 (3d Cir. 2008) ............................................................................................. 6

*Westinghouse v. Boyden Power Brake Co.*,
  170 U.S 537 (1898) ......................................................................................................... 10

*Williamson v. Citrix Online LLC*,
  792 F.3d 1339 (Fed. Cir. 2015) ..................................................................................... 7, 8

**Statutes and Rules**

35 U.S.C. § 112 ................................................................................................................. 7, 8, 9

Fed. R. Civ. P. 15(a)(2) ............................................................................................................ 1

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action for alleged patent infringement. Plaintiff filed its original complaint on February 8, 2021. D.I. 1. Defendant filed a verified Answer to Plaintiff's original complaint on April 30, 2021. D.I. 13; D.I. 13-1. On May 19, 2021, Defendant filed a motion for judgment on the pleadings. D.I. 17.

On June 11, 2021, Plaintiff filed a First Amended Complaint (D.I. 21), which rendered moot Defendant's then-pending motion for judgment on the pleadings. *See* D.I. 26. On July 20, 2021, Defendant filed a verified Answer to the First Amended Complaint. D.I. 23; D.I. 23-1. On July 28, 2021, Defendant renewed its motion for judgment on the pleadings. D.I. 25; D.I. 25-1.

On August 11, 2021, Plaintiff filed an answering brief in opposition to Defendant's renewed motion for judgment on the pleadings. D.I. 27. On August 18, 2021, Defendant filed a reply brief in support of its renewed motion for judgment on the pleadings. D.I. 29. Defendant's renewed motion for judgment on the pleadings is ripe for decision.

Concurrently with the filing of its answering brief (D.I. 27), and without complying with either Local Civil Rule 7.1.1 or this Court's individual rules for motions to amend pleadings, Plaintiff filed the present motion for leave to file a Second Amended Complaint. D.I. 28. Plaintiff seeks leave (i) to retract each of seven admissions that it made in D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, and 84; and (ii) to allege the precise opposite of what it originally alleged. *See* D.I. 28-2 ¶¶ 24, 32, 40, 54, 62, 70, 84. This is Defendant's answering brief in opposition to Plaintiff's motion (D.I. 28) for leave to file a Second Amended Complaint.

## SUMMARY OF THE ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that a party in Plaintiff's position "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As the moving party, Plaintiff "bears the burden

1

of showing that justice requires the amendment." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). Plaintiff has failed to carry this burden.

Plaintiff's motion seeks leave to make allegations that directly contradict the claims-in-suit. Leave to make allegations that contradict the terms of asserted patent claims is properly denied on grounds of futility. Part I, *infra*.

Plaintiff's motion is not supported by evidence that purports to show that the proposed new allegations are well-grounded in fact. The record supports an inference that Plaintiff's proposed Second Amended complaint is presented in bad faith and with dilatory motive. Leave to amend is properly denied in such circumstances. Part II, *infra*.

**I.    PLAINTIFF'S MOTION SHOULD BE DENIED ON THE BASIS THAT ITS PROPOSED NEW ALLEGATIONS CONTRADICT THE CLAIMS-IN-SUIT AND THEIR ASSERTION WOULD, THEREFORE, BE FUTILE.**

Plaintiff's proposed Second Amended Complaint (D.I. 28-2) would assert the same seven (7) patents and the same theories of alleged infringement as its First Amended Complaint, but would (i) retract admissions that Plaintiff made in D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, and 84; and (ii) allege the precise opposite of what Plaintiff originally alleged. *See* D.I. 28-2 ¶¶ 24, 32, 40, 54, 62, 70, 84. The first sentences of existing D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, and 84 are consistent with the claims-in-suit (*see* D.I. 25 at 1-2, 11-15, 17-20; D.I. 25-1); Plaintiff now proposes to retract these admissions in favor of proposed new allegations (D.I. 28-2 ¶¶ 24, 32, 40, 54, 62, 70, and 84) which contradict the claims-in-suit and are also nonsensical.

To illustrate: Plaintiff's existing First Amended Complaint alleges (D.I. 21 ¶¶ 21–27), and Plaintiff's proposed Second Amended Complaint would similarly allege (D.I. 28-2 ¶¶ 21–27), that Defendant purportedly infringed expired U.S. Patent No. 6,560,613 (the "'613 Patent") by making unauthorized use of a patented invention that claim 8 of the '613 Patent describes. Claim 8 of the '613 Patent recites "[a] method in a computer system for disambiguating file descriptors" that

comprises "intercepting," "storing," and "examining" steps. D.I. 21-1 at 28; *see also* D.I. 28-4 at 28. In asserting infringement of this patent, Plaintiff relies on a third-party description of what a third-party kernel-based virtual machine ("KVM"), when energized and operating, may do. D.I. 21-1 at 104 (citing excerpts from IT360, *KVM Internals, code and more* (Oct. 31, 2015), https://www.it610.com/article/1398546.htm).

Defendant's Answer to the First Amended Complaint includes a verification of Defendant's Senior Vice President of Engineering, John R. Colton. D.I. 23-1. Mr. Colton states on oath that he currently is and, at relevant times, was skilled in the art of the patents-in-suit (D.I. 23-1 ¶ 9) and that: "I hereby verify and declare that I have read paragraphs 97–170 of the Answer of Squarespace, Inc. to the Complaint (the 'Answer') and know the contents thereof, and that the factual matters contained in paragraphs 97–170 of the Answer are true and correct." *Id.* ¶ 11.

Defendant's verified Answer states in part (D.I. 23 at 10–11):

97. Claims 1–8 of the '613 Patent recite a "method in a computer system for disambiguating file descriptors."

98. In the context of claims 1–8 of the '613 Patent, the phrase "disambiguating file descriptors" denotes a function performed by a machine. . . .

103. The claim phrase "intercepting system calls" denotes a function performed by a machine. . . .

106. The claim phrase "storing at least one indicator" denotes a function performed by a machine. . . .

109. The claim phrase "examining at least one stored indicator" denotes a function performed by a machine.

Mr. Colton's verification (D.I. 23-1) has the same evidentiary value as an affidavit or deposition. *See, e.g.*, *Am. File Co. v. Garrett*, 110 U.S. 288, 293 (1884) (verified answer relied on as evidentiary support). At the time Mr. Colton verified the above-quoted statements, they accorded with both (i) the plain meaning of "disambiguating," "intercepting," "storing," and "examining"

3

as verbs describing functions that a computer system, in operation, performs or can be made to perform; and with (ii) Plaintiff's own carefully worded allegations that: "A person skilled in the art covered in the [patents-in-suit] would understand that each of the limitations and/or steps in the claims . . . are defined by what they do (not what they are)." D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, 84.

Plaintiff now seeks leave (i) to retract each of the seven above-quoted admissions in D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, and 84; and (ii) to allege the precise opposite of what Plaintiff originally alleged, to wit: "A person skilled in the art covered in the [patents-in-suit] would understand that each of the limitations and/or steps in the claims . . . are defined by what they ~~do~~ are (not what they ~~are~~ do)." D.I. 28-2 ¶¶ 24, 32, 40, 54, 62, 70, 84.  Plaintiff's motion does not present any evidence that verbs like "disambiguating" or "intercepting" purportedly "are defined by what they are (not what they do)," much less evidence that "[a] person skilled in the art" purportedly "would understand" that verbs like "disambiguating" or "intercepting" purportedly "are defined by what they are (not what they do)." *Id*.

Plaintiff has submitted an attorney declaration (D.I. 28-1) which asserts that he, the attorney, "accidentally *transposed* the words 'are' and 'do' when drafting" what is now D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, and 84, and did not "notice" this purported error for nearly two months, until after Defendant filed its renewed motion for judgment on the pleadings. D.I. 28-1 ¶ 3 (emphasis added).  Passing over the implausibility of this story as set out more fully in Part II *infra*, the story is unavailing at all events: a claim for alleged patent infringement cannot be predicated on allegations which contradict what claims in an asserted patent actually recite. *See, e.g., Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (district court was not required to accept truth of allegations that "contradict matters properly subject to judicial notice or by exhibit, such as the claims and the patent specification"); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d

4

855, 859 n.8 (3d Cir. 1994) ("Where there is a disparity between a written instrument annexed to a pleading and an allegation in the pleading based thereon, the written instrument will control."); *IPA Techs., Inc. v. Amazon.com, Inc.*, 352 F. Supp. 3d 335, 343, 349–50 (D. Del. 2019) (Andrews, J.) (declining to credit allegations that "contradict the language of the claims and specification").

Here the claims-in-suit, on their face, recite functions performed by machines (*e.g.*, D.I. 23 ¶¶ 97, 98, 103, 105; D.I. 23-1 ¶¶ 2–11); and this (currently admitted) reality would not be changed by a complaint that frivolously and nonsensically alleged that verbs like "disambiguating" and "intercepting" purportedly "are defined" by what "they" "are." D.I. 28-2 ¶ 24; *see* D.I. 29 at 10. Plaintiff's attorney declaration (D.I. 28-1) does not purport to show that the declaring attorney currently is, or at any relevant time was, skilled in the art of the patents-in-suit. Plaintiff's implausible story of attorney error does not change the reality that Plaintiff's proposed new characterizations of the claims-in-suit directly contradict what those claims actually recite.

Because Plaintiff's proposed new allegations contradict the claims of the patents-in-suit, leave to make those allegations is properly denied on grounds of "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. PLAINTIFF'S MOTION SHOULD BE DENIED ON THE SEPARATE BASIS THAT ITS PROPOSED NEW ALLEGATIONS ARE FALSE AND SHAM.

"[B]ad faith" and "dilatory motive on the part of the movant" are well-established grounds for denying leave to amend a complaint. *Foman*, 371 U.S. at 182. "Bad faith may be inferred if the proposed amendment contradicts the original pleading, such that the two cannot be reconciled." *Carbone v. Carbone*, No. 220CV307, 2021 WL 822786, at *5 (D.N.J. Mar. 3, 2021); *see Bradley v. Chiron Corp.*, 136 F.3d 1317, 1325–26 (Fed. Cir. 1998) (affirming denial of leave to amend where, as here, plaintiff proposed to contradict original allegations).

5

The record before this Court supports an inference that the new allegations in Plaintiff's proposed Second Amended Complaint are "false and sham," *Bradley*, 136 F.3d at 1326, and are put forward with "dilatory motive." *Foman*, 371 U.S. at 182. The characterizations of the claims-in-suit that Plaintiff formally made in the first sentences of existing D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, and 84, which Plaintiff now seeks leave to retract, are "binding judicial admission[s]." *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008). The record affirmatively shows, moreover, that the first sentences of existing D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, and 84 were purposefully and deliberately worded as they were.

Defendant filed its Answer to Plaintiff's original complaint on April 30, 2021. D.I. 13. Plaintiff thereafter sought "a 21-day extension to amend the complaint *so that* [*DataCloud*] *can be as thorough as possible* and not seek leave for any further amendments." Declaration of James R. Klaiber, sworn to August 25, 2021 (hereinafter, "Klaiber Decl.") ¶ 3 & Ex. 2 at 2 (e-mail dated May 12, 2021, at 4:28 p.m. from Plaintiff's representative to Defendant's counsel) (emphasis added). Defendant agreed to this extension and the Court so ordered it on May 17, 2021.

On May 19, 2021, Defendant filed its original motion for judgment on the pleadings. *See* D.I. 17. On June 11, 2021, Plaintiff filed its existing First Amended Complaint. D.I. 21. That pleading alleged infringement of seven patents and newly alleged, as to both the original four asserted patents and the three newly-asserted patents, the following characterizations of the "limitations and/or steps in the claims" (D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, 84):

> A person skilled in the art covered in the [patents-in-suit] would understand that each of the limitations and/or steps in the claims . . . are defined by what they do (not what they are). Even if any limitation and/or step of the claims is "functional"—and none are—the teachings of the [patents-in-suit] provides [sic] to any skilled artisan sufficient structure, material, or acts necessary to perform the recited function or provides information sufficiently identifying a finite group of structures, materials, or acts necessary to perform the recited function that were well known to skilled artisans at the priority date.

The first sentence quoted above aptly characterizes terms such as "disambiguating," "intercepting," "storing, and "examining" found in the claims-in-suit. *See* D.I. 25 at 11–15. The first sentence quoted above also accords with Plaintiff's recent legal argument that: "*functional language is perfectly permissible in claiming one's invention* if that language imparts structure reasonably certain to a skilled artisan." D.I. 27 at 1 (emphasis added). Indeed, the wording of the first sentences of each of the seven paragraphs D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, and 84 appears to have been lifted directly from case law stating that an element of a claimed invention may be "defined in terms of what it does" without invoking 35 U.S.C. § 112 ¶ 6 (2006). *See* D.I. 27 at 3 ("What is important is not simply that a 'detent' or 'detent mechanism' is defined in terms of what it does, but that the term, as the name for structure, *has a reasonably well understood meaning in the art*.") (quoting *Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580, 1583 (Fed. Cir. 1996)) (emphasis added by Plaintiff).

The second sentence in each of the seven paragraphs quoted above is consistent with the first sentence and alleges facts that would potentially satisfy 35 U.S.C. § 112 ¶ 6 (2006) if that subparagraph were held to govern the claims-in-suit notwithstanding their non-use of the phrase "means for." *Cf. Williamson v. Citrix Online LLC*, 792 F.3d 1339, 1350–54 (Fed. Cir. 2015) (holding claims were governed by 35 U.S.C. §112 ¶ 6 (2006) and were "invalid for indefiniteness"). In an e-mail dated June 18, 2021, Plaintiff's counsel referred to and characterized the theory presented in Defendant's original motion for judgment on the pleadings as purportedly being "that every claim, of every patent, of every family, are *means plus function claims with insufficient structure*." Klaiber Decl. ¶ 4 & Ex. 3 (emphasis added). This statement makes clear that each of the seven paragraphs in D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, and 84 was purposefully and

7

deliberately worded with a view to avoiding the "indefiniteness" holding in *Williamson*, 792 F.3d at 1350–54, and that the contrary story now put forward by Plaintiff is unworthy of belief.

In its renewed motion for judgment on the pleadings filed July 28, 2021 (D.I. 25), Defendant made clear that it was not invoking 35 U.S.C. § 112 ¶ 6 (2006) or advancing an "indefiniteness" contention.  D.I. 25 at 10–11; *see* D.I. 29 at 2, 6–7.  Only then, after Plaintiff apparently realized that its reliance on 35 U.S.C. § 112 ¶ 6 (2006) and related case law like *Greenberg* and *Williamson* was unavailing, did Plaintiff abruptly reverse field and purport to discover that the seven new allegations of its First Amended Complaint each supposedly stated *the precise opposite* of what the truth of the pleaded matters actually was.  *See* D.I. 28-1 ¶¶ 2–4.

Plaintiff asserts that litigation counsel purportedly "*transposed* the words 'are' and 'do'" seven times (D.I. 28-1 ¶ 3; emphasis added) and this resulted, not in grammatically incorrect sentences, but sentences that clearly and explicitly alleged *the precise opposite* of what Plaintiff now says is the proper characterization of verbs like "disambiguating" found in the claims-in-suit.  The assertion is non-credible and should be rejected.  Plaintiff filed D.I. 21 following service of Defendant's original motion for judgment on the pleadings (D.I. 17) and following a requested extension of time that Plaintiff sought so that it could be "as thorough as possible" in preparing and filing its First Amended Complaint and "not seek leave for any further amendment."  Klaiber Decl. ¶ 3 & Ex. 2.

It was not until August 5, 2021, fifty-five (55) days after Plaintiff had made the formal admissions recorded in D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, and 84 and after Defendant had pointed out that those admissions were "fatal" (D.I. 25 at 2), that Plaintiff first asserted that there purportedly had been "a transposition error made in DataCloud's First Amended Complaint."  Klaiber Decl. ¶ 5 & Ex. 4.  Two business days later, on August 9, 2021, Defendant requested that Plaintiff

8

"identify, by the column and line numbers of the asserted patents, any physical structure or computer program code that the Plaintiff relies on as support for the proposed new allegations." *Id.* Plaintiff refused. *Id*. The refusal supports an inference that the requested information does not exist and Plaintiff's proposed new allegations are "false and sham." *Bradley*, 136 F.3d at 1326.

The Court need not pass on the credibility of Plaintiff's "transposition error" claim if the Court concludes, as it should, that Plaintiff's motion should be denied on futility grounds as set forth in Part I *supra*. But on this record, both the "bad faith" and "dilatory motive" rationales in *Foman* (371 U.S. at 182) are independent grounds for denying this Plaintiff leave to retract its existing formal admissions in D.I. 21 ¶¶ 24, 32, 40, 54, 62, 70, and 84 in favor of the directly contradictory assertions in proposed D.I. 28-2 ¶¶ 24, 32, 40, 54, 62, 70, and 84.

Like the plaintiff denied leave to amend in *Bradley*, the Plaintiff here is seeking leave to retract carefully worded characterizations of the claims-in-suit and to plead instead, without any showing that the new allegations are well-grounded in fact, characterizations of the claims-in-suit which directly contradict the claims and furthermore are nonsensical. Plaintiff proposes this retraction and reversal, moreover, against a backdrop of contemporaneous correspondence and legal arguments in D.I. 27 which support an inference that Plaintiff's proposed new allegations are made in bad faith and for dilatory motives. Plaintiff has already urged its proposed flip-flop (D.I. 27 at 4 n.5) as a purported ground for prolonging and driving up the costs of defending this action.

Defendant's renewed motion for judgment on the pleadings is fully briefed and ripe for decision. The Court in this case is presented with an important question of statutory interpretation that is raised by Plaintiff's existing infringement claims and can and should be decided. The statutory phrase "particularly pointing out" (35 U.S.C. § 112 ¶ 2 (2006)) either prescribes the rule that "the function of a machine cannot be patented," *Westinghouse v. Boyden Power Brake Co.*,

170 U.S 537, 562 (1898), or it does not. Early and inexpensive resolution of this action should not be withheld based on Plaintiff's unsubstantiated and futile motion for leave to retract formal admissions that it made in D.I. 21 in favor of new characterizations of the claims-in-suit which contradict what the claims actually recite and furthermore are, on their face, nonsensical.

## CONCLUSION

Plaintiff's motion for leave to file its proposed Second Amended Complaint (D.I. 28-2) should be denied.

Dated: August 25, 2021              Respectfully submitted,

                                    FARNAN LLP


                                     /s/ Brian E. Farnan
                                    Sue L. Robinson (Bar No. 100658)
                                    Brian E. Farnan (Bar No. 4089)
                                    Michael J. Farnan (Bar No. 5165)
                                    919 North Market Street, 12th Floor
                                    Wilmington, DE  19801
                                    (302) 777-0300 (Telephone)
                                    (302) 777-0301 (Facsimile)
                                    srobinson@farnanlaw.com
                                    bfarnan@farnanlaw.com
                                    mfarnan@farnanlaw.com

                                    James W. Dabney (pro hac vice)
                                    James R. Klaiber (pro hac vice)
                                    Lynn M. Russo (pro hac vice)
                                    Michael M. Polka (pro hac vice)
                                    Justin E. Taylor (pro hac vice)
                                    HUGHES HUBBARD & REED LLP
                                    One Battery Park Plaza
                                    New York, NY  10004-1482
                                    T: 212.837.6000
                                    F: 212.422.4726
                                    james.dabney@hugheshubbard.com
                                    james.klaiber@hugheshubbard.com
                                    lynn.russo@hugheshubbard.com
                                    michael.polka@hugheshubbard.com
                                    justin.taylor@hugheshubbard.com

                                    **ATTORNEYS FOR DEFENDANT**
                                    **SQUARESPACE, INC.**