# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>SQUARESPACE, INC.,<br><br>　　　Defendant. | CIVIL ACTION NO. 1:21-cv-00164-LPS<br><br>**Chief Judge Leonard P. Stark** |

### PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO AMEND ITS FIRST AMENDED COMPLAINT TO CORRECT ERRORS
### [D.I. 28]

Plaintiff DataCloud Technologies, LLC (hereinafter, "DataCloud") moved for leave to amend its First Amended Complaint (D.I. 21) pursuant to Fed. R. Civ. P. 15 to correct a pleading error. *See* D.I. 28 (the "Motion"). Defendant Squarespace, Inc. (hereinafter, "Squarespace") has filed its opposition (D.I. 30; "the Opposition") to which DataCloud herein responds.[1]

*First*, Squarespace's Opposition improperly seeks to continue argument of its Motion for Judgement on the Pleadings (D.I. 24 and 25, the "Motion for Judgment"), including a new argument that was never therein raised. That new argument comes in the form of a furtive attempt by Squarespace to have this Court take as true allegations in the answer that are "verified" by

---

[1] Squarespace argues that DataCloud filed the motion for leave to amend "without complying with either Local Civil Rule 7.1.1 or this Court's individual rules for motions to amend pleadings." Before filing the Motion, lead counsel for the parties had discussed the amendment and confirmed they were at an impasse. *See, e.g.,* Exhibit A to Declaration of James F. McDonough, III, filed herewith. With respect to this Court's letter requirement, that was fulfilled with the declaration filed with the Motion to Amend. It was attached to the motion, it explained the changes, no separate brief was filed, and DataCloud included a blackline as an attachment.

Squarespace (through its employee, John R. Colton).  D.I. 30, p. 3-4 (citing D.I. 32-1).  This improper attempt to re-open argument on the Motion for Judgement should be rejected.

*Second*, even if this were not an entirely new argument, Mr. Colton neither provides any analyses of the claim terms at issue nor any methodology or reasoning for his conclusion—he merely agrees with his employer that "that the factual matters contained in paragraphs 97-170 of the Answer are true and correct." *Id.* at p. 3.  Mr. Colton also does not provide his understanding of the law on invalidity or the requirements of 35 U.S.C. § 112, which is what paragraphs 97-170 (comprising Affirmative Defenses One to Seven alleging invalidity under 35 U.S.C. § 112, *see* D.I. 23, pp. 10-19) purport to directly address.  *See Intellectual Ventures I LLC v. Xilinx, Inc.*, No. CV 10-1065-LPS, 2014 WL 1814384, at *3 (D. Del. Apr. 14, 2014) (Stark, C.J.) (when an alleged expert witness's "understanding of the law is incorrect," it can "render[] his opinion unreliable.").

*Third*, even if this were not the case, the allegations in a complaint are to be taken as true, which is not the case for allegations attached (and not incorporated into) in an answer, and the allegations are to be taken in the light most favorable to the non-moving party.  A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss when the Rule 12(c). *See Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010); *Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).  Like a Rule 12(b)(6) motion, the court may not consider materials or evidence outside of the pleadings when considering a Rule 12(c) motion. *Mele v. Fed Res. Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004). The court must accept the factual allegations in the complaint and take them ***in the light most favorable to the non-moving party***. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (emphasis added); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).  Finally, in its Motion for Judgement, Squarespace takes the position that the question of whether 35 U.S.C. § 112 ¶ 2 is satisfied is a

pure legal question requiring no factual analysis (*see* D.I. 29, p. 2), so its argument now contradicts that position and shows why a factual record needs to be developed prior to adjudicating the question raised in the Motion for Judgement.

*Fourth*, the amendment is not futile.  Although Squarespace attempts to malign DataCloud for seeking to fix what was a clear error, there is no malicious intent here (nor any evidence of it).  DataCloud explained what happened and how it happened, and it attached a declaration supporting that and taking responsibility for the unfortunate error.  *See* D.I. 28-1.  Moreover, the remainder of each of the subject Paragraphs in the First Amended Complaint clearly show that the words "are" and "do" were transposed by mistake.  *See* D.I. 28, pp. 1-2.  If that were not true, the next sentence would not open with the introductory clause "[e]ven if any limitation and/or step of the claims is 'functional'—and none are . . . ."  *Id.* (citing D.I. 21, ¶24).  The remainder of Squarespace's "futility" argument (and the cases it cites in support[2]) is premised on the idea that its interpretation of the terms in the patents is the correct one, a proposition with which DataCloud obviously disagrees and has opposed.  *See* D.I. 27.

*Fifth*, Squarespace's argument that DataCloud is acting in "bad faith" and with "dilatory motive" are baseless.  All of Squarespace's argument on these points assumes that DataCloud intentionally put the language at issue in the First Amended Complaint.  As noted above, this is untrue.  That differentiation this case from the authority cited by Squarespace, where there were

---

[2] Unlike the dispute in *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, correcting the location of the two words here does not "contradict matters properly subject to judicial notice or by exhibit, such as the claims and the patent specification" (873 F.3d 905, 913 (Fed. Cir. 2017)), and contrary to *IPA Techs., Inc. v. Amazon.com, Inc.*, nowhere in the specifications of the patents at issue here does it say that any of the relevant terms are "defined by what they do," so nothing in the proposed amended complaint "contradict[s] the language of the claims and specification" (352 F. Supp. 3d 335, 343, 349–50 (D. Del. 2019)).  In the same way, there is no "written instrument" that contradicts the pleading in the proposed amended complaint, which also makes *ALA, Inc. v. CCAIR, Inc.*, inapposite.  *Compare with* 29 F.3d 855, 859 n.8 (3d Cir. 1994).

direct contradictions and no explanation of mistake or error that were supported under oath by an attorney of record.³  Nor did DataCloud seek delay.  DataCloud responded to the Motion for Judgement and did not seek to have it mooted and refiled on the Second Amended Complaint.

*Sixth*, Squarespace's citation to the email between counsel discussing DataCloud's request for an extension to amend its complaint to add more patents is misleading.  DataCloud did state that it "sought a 21-day extension to amend the complaint so they can be as thorough as possible and not seek leave for any further amendments," that was further amendments to add additional patents to the lawsuit.  In the very next email, Squarespace stated:

> As we understand it, DataCloud is proposing the following:
>
> • DataCloud's last day to amend its complaint will be extended to Friday, June 11;
>
> • ***DataCloud stipulates that it will not seek leave for any further amendment to its complaints; and***
>
> • Squarespace's last day to respond to DataCloud's amended complaint will be Monday, July 26.

D.I. 31-2, p. 2 (emphasis added).  DataCloud immediately corrected this understanding, stating

> Your understanding is correct, with one clarification about your second bullet point. ***DataCloud won't seek leave to add additional patents to the case. It may have to conform its pleadings as the litigation moves forward so there may be amendments required, but DataCloud won't add more patents to the suit after its June 11 extension passes***.

---

³ *See, e.g., Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324-26 (Fed. Cir. 1998) (interpreting 9th Cir. Law where the plaintiff changed the facts between the 1st and 2dd Amended Complaints with respect to "his legal relationships, the date of certain events, his contact with lawyers before he signed the agreement, and the advice he received" with respect to a contractual relationship "as a transparent attempt to conform the facts to the requirements of the cause of action"); *Carbone v. Carbone*, No. 2:20-cv-307 (ES)(CLW), 2021 U.S. Dist. LEXIS 39952, *10 fn. 7 (D. N.J. Mar. 3, 2021) (plaintiff attempted to "remove the first amended complaint's reference to this matter as a legal action and to refer to it solely as an equitable one" when it was "plainly not an exclusively equitable matter."); *Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.*, 576 F.Supp. 107, 173-174 (D. Del. 1983) (unexplained delay in bringing claim was tantamount to bad faith sufficient to deny leave to amend).

D.I. 31-2, p. 1 (emphasis added).   Contrary to what is implied by Squarespace, DataCloud clearly did not agree to forgo seeking further amendments to the complaint.

      DataCloud's motion should be granted because there is no "bad faith" nor "dilatory motive" and the amendment is not futile.

Dated: September 1, 2021        Respectfully submitted,

**Stamoulis & Weinblatt, LLC**

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street Third Floor
Wilmington, Delaware 19801
Telephone: (302) 999-1540
Email: stamoulis@swdelaw.com
Email: weinblatt@swdelaw.com

James F. McDonough, III (Bar No. 117088, GA)*
Jonathan R. Miller (Bar No. 507179, GA)*
Travis E. Lynch (Bar No. 162373, GA)*
**HENINGER GARRISON DAVIS, LLC**
3621Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, -0863, -0867
Facsimile: (205) 547-5502, -5506, -5515
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: tlynch@hgdlawfirm.com

*Attorneys for Plaintiff DataCloud Technologies, LLC*

* admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this day, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

Date: <u>September 1, 2021</u>        */s/ Stamatios Stamoulis*
                  Stamatios Stamoulis #4606