

Stamatios Stamoulis
stamoulis@swdelaw.com

January 31, 2022

**VIA E-FILING**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

      RE:    *Datacloud Technologies, LLC v. Squarespace, Inc.* ("*DataCloud* act ion")
             <u>C.A. No. 21-cv-164-LPS</u>
             *Hanger Solutions, LLC v. Squarespace, Inc.* ("*Hanger* action")
             <u>C.A. No. 21-cv-774-LPS</u>

Dear Judge Stark:

Pursuant to the Court's orders in the above-referenced cases, the court requested that the parties meet and confer and provide their positions on whether these cases should be consolidated, or coordinated (or neither), as they have been marked related. *See DataCloud* action D.I. 40, *Hanger action* D.I. 24. In response to that Order, the Plaintiffs have proposed partial coordination (based on certain representations by Squarespace) with separate schedules for each action. *See* <u>Exhibit A</u> (*Hanger* action proposal); <u>Exhibit C</u> (*DataCloud* action proposal). Squarespace has proposed consolidating the cases under one schedule. *See* <u>Exhibit B</u> (Squarespace proposal).

The parties agree that some coordination of the cases is warranted. To assist the Court in comparing the competing proposals, the table below provides an overview of the dates proposed in each Party's proposal(s).

| DEADLINE DESCRIPTION | Hanger Proposal | Squarespace Proposal | DataCloud Proposal |
|---|---|---|---|
| File Proposed Scheduling Order | Jan 31, 2022 | Jan 31, 2022 | Jan 31, 2022 |
| *ENTERS SCHEDULING ORDER [predicted]* | *Feb 14, 2022* | *Feb 14, 2022* | *Feb 14, 2022* |
| File Proposed Protective Order | Feb 24, 2022 | Feb 24, 2022 | Feb 24, 2022 |
| Make Initial Disclosures | Mar 16, 2022 | Mar 16, 2022 | Mar 16, 2022 |
| File motions to join parties or supplement pleadings | Apr 28, 2022 | Apr 28, 2022 | Apr 28, 2022 |
| Serves Disclosure of Asserted Claims and Accused Products and produces file histories | Feb 15, 2022 | Feb 15, 2022 | Feb 15, 2022 |
| Produces Core Technical documents | Mar 23, 2022 | Mar 23, 2022 | Mar 23, 2022 |

The Honorable Leonard P. Stark
January 31, 2022
Page 2

| | | | |
|---|---|---|---|
| Serves Initial Infringement Contentions | Apr 27, 2022 | Apr 27, 2022 | Apr 27, 2022 |
| Produces Initial Invalidity Contentions | Jun 01, 2022 | Jun 01, 2022 | Jun 01, 2022 |
| Serves Final Infringement Contentions | May 03, 2023 | May 03, 2023 | Jun 28, 2023 |
| Produces Final Invalidity Contentions | Jun 07, 2023 | Jun 07, 2023 | Aug 02, 2023 |
| Complete All discovery | Jul 26, 2023 | Jul 26, 2023 | Sep 20, 2023 |
| Substantially complete document production | Mar 20, 2023 | Mar 20, 2023 | May 15, 2023 |
| Serve initial expert reports for issues for which they have the initial burden of proof | Aug 30, 2023 | Aug 30, 2023 | Nov 01, 2023 |
| Serve rebuttal expert reports | Oct 04, 2023 | Oct 04, 2023 | Dec 06, 2023 |
| Serve reply expert reports | Nov 01, 2023 | Nov 01, 2023 | Jan 03, 2024 |
| Complete depositions of experts | Dec 06, 2023 | Dec 06, 2023 | Feb 07, 2024 |
| Exchange claim terms/phrases for construction | Jun 28, 2022 | Jun 28, 2022 | Aug 23, 2022 |
| Exchange proposed constructions | Jul 19, 2022 | Jul 19, 2022 | Sep 13, 2022 |
| File Joint Claim Construction Chart | Aug 09, 2022 | Aug 09, 2022 | Oct 04, 2022 |
| SERVES Opening claim construction brief | Sep 06, 2022 | Sep 06, 2022 | Nov 01, 2022 |
| SERVES Responsive claim construction brief | Oct 04, 2022 | Oct 04, 2022 | Nov 29, 2022 |
| SERVES Reply claim construction brief | Oct 18, 2022 | Oct 18, 2022 | Dec 13, 2022 |
| SERVES Sur-Reply claim construction brief | Nov 01, 2022 | Nov 01, 2022 | Dec 27, 2022 |
| File JOINT CLAIM CONSTRUCTION BRIEF | Nov 08, 2022 | Nov 08, 2022 | Jan 03, 2023 |
| *Markman Hearing [predicted]* | *Nov 22, 2022* | *Nov 22, 2022* | *Jan 17, 2023* |
| *ENTERS CLAIM CONSTRUCTION ORDER [predicted]* | Jan 24, 2023 | Jan 24, 2023 | Mar 21, 2023 |
| File Interim Status Report | Sep 20, 2022 | Sep 20, 2022 | Nov 15, 2022 |

The Honorable Leonard P. Stark
January 31, 2022
Page 3

| | | | |
|---|---|---|---|
| Supplement accused products and invalidity references | Feb 23, 2023 | Feb 23, 2023 | Apr 20, 2023 |
| File Case Dispositive (and *Daubert*) Motions | Dec 21, 2023 | Dec 21, 2023 | Feb 22, 2024 |
| Hearing re: Dispositive Motions | FEBRURY 2024 | FEBRURY 2024 | MAY 2024 |
| File Proposed Pretrial Order | APRIL 2024 | APRIL 2024 | JULY 2024 |
| Final Pretrial Conference | APRIL 2024 | APRIL 2024 | JULY 2024 |
| Jury Selection/Trial | MAY 2024 | MAY 2024 | AUGIUST 2024 |

      Plaintiffs Hanger and DataCloud dispute that their respective cases are related, much less so closely related that consolidation is appropriate. The Court should issue separate schedules here because these are different cases, filed by different plaintiffs, that assert different (and unrelated) patents. *See Hanger action,* D.I. 19 at pp. 3-4. And although Squarespace's invalidity defenses in each case rely on the same statutes (*e.g.*, 35 U.S.C. §§ 101-103, 112 ¶2), that does not make them any more unique than the 90% of other patent cases that raise those defenses. *See Hanger action,* D.I. 19 at pp. 3-4. That said, while the products accused of infringement appear to be disparate systems (*id.*), Squarespace has represented that there is overlap in the technical documents and code base of the accused products in each case and that absent coordination Squarespace would face duplicitous discovery. Based on that representation, DataCloud has proposed partial coordination between the cases that would allow Squarespace to collect and produce technical information once (even if it may need to keep technical information available for a longer period of time under the proposed DataCloud schedule). *See, supra,* Table. The cases should proceed on two schedules with limited coordination designed to address Squarespace's concern of duplicative discovery.

      Defendant Squarespace views these cases as closely related, with a great deal of overlap between the products and services accused of infringement and the Squarespace's affirmative invalidity defenses. *See Hanger action* D.I. 18 at 7-8 (explaining overlap). As was discussed during the parties' three meet-and-confer teleconferences, and is apparent from plaintiffs' complaints, the same Squarespace documents and related testimony will be the subject of discovery in both cases. *See DataCloud action* D.I. 41-7, 41-8; *Hanger action* D.I. 1-4, 1-5 (identifying identical Squarespace "Products Offered" and "Training for Products"). This overlap is especially relevant here, where the plaintiffs are related corporate entities acting in concert. *See Hanger action* D.I. 18 at 8-9. Accordingly, it is Squarespace's position that these cases should be coordinated for discovery and pretrial matters, and that a single order should issue governing the schedules for both cases.

      We are available at the Court's convenience should Your Honor have any questions.

                                                                                                                                         Respectfully,

The Honorable Leonard P. Stark
January 31, 2022
Page 4

Stamatios Stamoulis
*Counsel for Plaintiffs*

cc:    Counsel of Record (via E-File)