## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DATACLOUD TECHNOLOGIES, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 21-164-LPS |
| | : | |
| SQUARESPACE, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM ORDER

At Wilmington this **2nd** day of **February, 2022**:

WHEREAS, Defendant Squarespace, Inc. ("Squarespace" or "Defendant") filed a renewed motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (*see* D.I. 24);

WHEREAS, Defendant and Plaintiff DataCloud Technologies, LLC ("DataCloud" or "Plaintiff") submitted briefing and other materials relating to Squarespace's motion (*see, e.g.*, D.I. 25, 27, 29);

WHEREAS, having carefully considered the briefing and related materials, the Court heard argument on Squarespace's motion by teleconference on January 20, 2022;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's motion (D.I. 24) is **DENIED**.

The Court's Order is consistent with the bench ruling announced at the conclusion of the hearing, excerpts of which are reproduced below.[1]

---

[1] The Court adopts the full bench ruling. For clarity, the excerpt of the transcript contains some minor stylistic adjustments beyond those explicitly called out below.

1

I think we all agree what the 12(c) standard is for judgment on the pleadings[;] it's similar to the Rule 12(b)(6) standard. I'm not going to talk at any greater length about that.

The motion largely focuses on Squarespace's view that the statutory phrase "particularly pointing out" found in 35 U.S.C. § 112, ¶ 2 prescribes the rule that "the function of a machine cannot be patented."[2]

Section 112, ¶ 2 provides [that] "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."

And Squarespace argues that this "particularly pointing out" provision in § 112, ¶ 2 carries forward nearly identically in language from the Patent Act of 1870 and the Patent Act of 1836, such that it is a reenactment of that earlier language.

In support of its position, Squarespace cites numerous Supreme Court decisions that have applied and construed the "particularly pointing out" language found in those earlier Patent Acts, including especially the *Halliburton*[3] case from 1946, the *United Carbon*[4] decision from 1942, [and] the *Morse*[5] decision from 1853.

Through these decisions, Squarespace contends that the Supreme Court has developed and enforced "the rule that a patentee may not broaden his claims by describing the product in terms of function."[6]

Although none of these cases apply § 112, ¶ 2 specifically, defendant relies on the presumption that when Congress adopts language used in an earlier statute, it also adopts the Court's earlier construction of that language. That principle can be found in, for instance, *Helsinn Healthcare v. Teva*.[7]

DataCloud responds that the Patent Act of 1952, including through its inclusion of § 112, ¶ 6, abrogated *Halliburton* and the rule against functional claiming. And it cites several Federal Circuit cases for exactly that proposition – the abrogation of *Halliburton*.

---

[2] *Boyden Power-Brake Co. v. Westinghouse*, 170 U.S. 537, 562 (1898).

[3] *Halliburton Oil Well Cementing Co. v. Walker*, 329 U.S. 1 (1946).

[4] *United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 228 (1942).

[5] *O'Reilly v. Morse*, 56 U.S. (15 How.) 62 (1853).

[6] *United Carbon*, 317 U.S. at 234.

[7] *Helsinn Healthcare S.A. v. Teva Pharms. USA, Inc.*, 139 S. Ct. 628, 633-34 (2019).

For instance, [in] *Greenberg*[8] in 1996 . . . , the Federal Circuit explained that Congress enacted § 112, ¶ 6 to "overrule" the holding in *Halliburton* that claims drafted in means-plus-function fashion were invalid. And the *Valmont* decision from the Federal Circuit in 1993 [explained that] "Congress added [§ 112, ¶ 6] to the Patent Act of 1952 to change the doctrine enunciated in *Halliburton*," [adding that] "the 1952 Act rendered *Halliburton* obsolete."[9] . . .

The defendant, of course, has its responses to these abrogation arguments, including by pointing out – and I think it's not disputed – that the Supreme Court has not clearly and explicitly endorsed the view of the Federal Circuit from *Greenberg* and *Valmont*.

Squarespace also cites and quotes from the *Markman*[10] decision in 1996, and we've talked about this quote throughout the day: "[A] claim covers and secures a process, a machine, a manufacture, a composition of matter, or a design, but never the function or result of either."

That's the legal issue that the defendant presents in its motion and wants me to decide. I'm not deciding that issue. I believe I have discretion not to do so.

I further think that reasonable minds can differ on what the correct answer as a matter of law is to the question that the defendant posed.

As a matter of case management and my discretion, I think it's best not to try to answer that question in this case at this early stage, for reasons that include, very prominently, that the defendant has not yet shown or even come close to showing or given me the tools to figure out if [it is] right that even if the law is as [the defendant says] . . . that the result . . . would [be that I would] invalidate 144 claims from seven patents.

So, again, even if I assume that the defendant is right on the law, it does not follow logically that the defendant wins this motion. And the defendant hasn't given me, in the briefing, anything near what I would need to have the confidence that [it is] right about that latter part.

[L]et me address some of the specific arguments the defendant makes to the contrary. [It] suggest[s], at least very clearly today, that these claims are clearly and convincingly invalid on their face. Well, if that's true, [the defendant has] done nothing to show that to me. As I indicated, the briefing is essentially, when it gets

---

[8] *Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580, 1582 (Fed. Cir. 1996).

[9] *Valmont Indus., Inc. v. Reinke Mfg. Co.*, 983 F.2d 1039, 1042 (Fed. Cir. 1993).

[10] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 373 (1996).

down to the patents-in-suit, seven, essentially, repetitive [paragraphs] that do little more than quote the claim language – some of the claim language, obviously, not all 144 claims; and try to reiterate what the *Halliburton* rule is.

It may be that these claims are clearly and convincingly invalid on their face, [but] that would have to be analyzed from the perspective of a person of ordinary skill in the art.  I am not such a person and I have nothing in my record to help me understand whether the defendant [is] right that a person of ordinary skill in the art would view the claims exactly the way the defendant argues.

I have a declaration from an employee of the defendant essentially saying ["]I agree with the [Answer] that my employer filed.["]  That doesn't come close, in my view, to making out a clear and convincing [case] that 144 claims are invalid on their face.

The defendant's proposal also, in my view, makes no sense from a case management perspective, at least not in the context of this case.  For example, [the defendant] repeatedly tell[s] me things like: I should assume for the purposes of the motion that the plaintiff's claim construction positions are correct, that the claims mean what the plaintiff[] say[s].  But the plaintiff[] ha[s]n't told me what [its] claims say.  And the defendant[] ha[s] pointed to no obligation on the plaintiff's part to tell me with any expressed clarity or specificity what exactly [plaintiff] think[s] each of the claims mean.

Rule 8 does not require the plaintiff[] to set out [its] claim construction positions.  I've entered no order in this case that requires [it] to give us [its] claim construction positions.  So I can't assume, for the sake of argument, that [its] construction positions are right because I don't know what they are and that's through no fault of the plaintiff.

Similarly, the defendant ha[s] faulted the plaintiff for not challenging things like the defendant's verified Answer being purportedly based on the views of a person of ordinary skill in the art, but there was no occasion, no obligation, for the plaintiff to challenge those things at this very early stage of this case.

Relatedly, we've talked a lot about § 112, ¶ 6.  I certainly reserve the right, because the law reserves it to me, to construe any of these claim terms that may be in dispute as [means-plus-function claim terms subject to] § 112, ¶ 6.  The parties can't take that away from me.  And the plaintiff has said today, I think it was implicit before today but it's explicit today, that [it] reserve[s] the right to even argue and ask the Court to construe these claims or some of them as [subject to] § 112, ¶ 6.  And [it] pointed out that some of them use language that might even invoke the presumption that they were [subject to] § 112, ¶ 6.

And . . . once I reach that conclusion, it follows, in my mind, that I have no choice but to deny this motion.  And I need to get to claim construction before I could properly address the legal issue that the defendant[] want[s] me to decide at the outset of this case.


HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE