## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
DATACLOUD TECHNOLOGIES, LLC,              :
                                          :
                    Plaintiff,            :
                                          :
        v.                                :
                                          :
SQUARESPACE, INC.                         :   C.A. No. 21-cv-164-LPS
                                          :
                    Defendant.            :
                                          :
-------------------------------------------------------------
```

### ANSWER

Squarespace, Inc. ("Squarespace"), by and through its attorneys, for its Answer to the Second Amended Complaint filed in the name of DataCloud Technologies, LLC ("DataCloud"):

### NATURE OF THE ACTION

1.      Admits that the First Amended Complaint in this action (the "Complaint") alleges infringement of U.S. Patent Nos. 6,560,613, 6,651,063, 8,607,139, 8,762,498, 7,209,959, 7,246,351, and 7,398,298 (collectively, the "Patents-in-Suit"), admits that copies of the Patents-in-Suit appear to be attached to the Complaint as Exhibits A, B, C, D, J, K, and L, and except as so admitted denies the allegations of paragraph 1 of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

### PARTIES

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      Admits that Squarespace is a corporation organized and existing under the laws of the State of Delaware, and except as so admitted denies the allegations of paragraph 4 of the Complaint.

5.      Admits that Squarespace has a principal place of business at 225 Varick Street, 12th Floor, New York, New York 10017, and except as so admitted denies the allegations of paragraph 5 of the Complaint.

6.      Admits that Squarespace does not contest the sufficiency of service of process in this case to date, and except as so admitted denies the allegations of paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      Admits that the Court has jurisdiction to hear this action under 28 U.S.C. §§ 1331 and 1338(a), and except as so admitted denies the allegations of paragraph 7 of the Complaint.

8.      Admits that the Court has personal jurisdiction over Squarespace with respect to the purported claim stated in the Complaint, and except as so admitted denies the allegations of paragraph 8 of the Complaint.

9.      Admits that Squarespace offers for sale, sells, and advertises its services in the United States, the State of Delaware and in this District, and except as so admitted denies the allegations of paragraph 9 of the Complaint.

10.     Admits that Squarespace solicits customers in the State of Delaware and in this District, has customers who are residents of the State of Delaware and this District, and is incorporated in the State of Delaware, and except as so admitted denies the allegations of paragraph 10 of the Complaint.

11.     Admits that venue is proper in this district under 28 U.S.C. § 1400(b), and except as so admitted denies the allegations of paragraph 11 of the Complaint.

12.     Admits that Squarespace is a corporation organized and existing under the laws of the State of Delaware, and except as so admitted denies the allegations of paragraph 12 of the Complaint.

## BACKGROUND INFORMATION

13.     Denies the allegations contained in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Admits that Exhibit E to the Complaint appears to be a copy of the letter sent by William A. Hartselle to Squarespace dated April 16, 2020 ("April 2020 Letter"); admits that Exhibit E appears to be a copy of the letter to Squarespace sent by James F. McDonough, III dated July 14, 2020, and except as so admitted denies the allegations of paragraph 17 of the Complaint.

## DEFENDANT'S PRODUCTS AND SERVICES

18.     Admits that Squarespace owns, operates, advertises, and controls the website associated with the universal resource locator www.squarespace.com, and except as so admitted denies the allegations of paragraph 18 of the Complaint.

19.     Admits that Squarespace provides instructional materials on the website associated with the universal resource locator www.squarespace.com, and except as so admitted denies the allegations of paragraph 19 of the Complaint.

## COUNT I: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 6,560,613

20.     Repeats and incorporates paragraphs 1–19, above, as if fully set forth here.

21.     Admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 6,560,613 (the "'613 Patent"), and except as so admitted denies the allegations of paragraph 21 of the Complaint.

22.     Admits that Squarespace makes, uses, offers for sale, sells, and advertises website builder and website design products, refers to those products for their precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 22 of the Complaint.

23.     Denies the allegations contained in paragraph 23 of the Complaint.

24.     Admits that the "methods" recited in claims 1–8 of the '613 Patent consist of the operation or function of a machine, namely, a computer system, and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the Complaint.

25.     Denies the allegations contained in paragraph 25 of the Complaint.

26.     Denies the allegations contained in paragraph 26 of the Complaint.

27.     Denies the allegations contained in paragraph 27 of the Complaint.

**COUNT II: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 6,651,063**

28.     Repeats and incorporates paragraphs 1–27, above, as if fully set forth here.

29.     Admits that Exhibit B to the Complaint appears to be a copy of U.S. Patent No. 6,651,063 (the "'063 Patent"), and except as so admitted denies the allegations of paragraph 29 of the Complaint.

30.     Admits that Squarespace distributes, makes, uses, and advertises a "Squarespace" app product for Android, refers to that product for its precise structure, configuration, and

operation, and except as so admitted denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     Admits that the "methods" recited in claim 4 and 5 of the '063 Patent consist of the operation or function of a machine, namely, a computer system, and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations of paragraph 32 of the Complaint.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

35.     Denies the allegations contained in paragraph 35 of the Complaint.

### COUNT III: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 8,607,139

36.     Repeats and incorporates paragraphs 1–35, above, as if fully set forth here.

37.     Admits that Exhibit C to the Complaint appears to be a copy of U.S. Patent No. 8,607,139 (the "'139 Patent"), and except as so admitted denies the allegations of paragraph 37 of the Complaint.

38.     Admits that Squarespace makes, uses, offers for sale, sells, and advertises website builder and website design products, refers to those products for their precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 38 of the Complaint.

39.     Denies the allegations contained in paragraph 38 of the Complaint.

40.     Admits that claims 1–7 of the '139 Patent denote functions performed by a machine, namely, a computer system, and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations of paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     Denies the allegations contained in paragraph 43 of the Complaint.

44.     Denies the allegations contained in paragraph 44 of the Complaint.

45.     Admits that Squarespace had knowledge of the April 2020 Letter as early as the date of its receipt of that letter, admits that Squarespace's website builder and website design products are sources of revenue for Squarespace, and except as so admitted denies the allegations contained in paragraph 45 of the Complaint.

46.     Denies the allegations contained in paragraph 46 of the Complaint.

47.     Denies the allegations contained in paragraph 47 of the Complaint.

48.     Denies the allegations contained in paragraph 48 of the Complaint.

49.     Denies the allegations contained in paragraph 49 of the Complaint.

### COUNT IV: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 8,762,498

50.     Repeats and incorporates paragraphs 1–49, above, as if fully set forth here.

51.     Admits that Exhibit D to the Complaint appears to be a copy of U.S. Patent No. 8,762,498 (the "'498 Patent"), and except as so admitted denies the allegations of paragraph 51 of the Complaint.

52.     Admits that Squarespace makes, uses, offers for sale, sells, and advertises website builder and website design products, refers to those products for their precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 52 of the Complaint.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

54.     Admits that the "methods" recited in claims 1–7 of the '498 Patent consist of the operation or function of a machine, namely, a computer system, and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations of paragraph 54 of the Complaint.

55.     Denies the allegations contained in paragraph 55 of the Complaint.

56.     Denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint.

**COUNT V: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 7,209,959**

58.     Repeats and incorporates paragraphs 1–57, above, as if fully set forth here.

59.     Admits that Exhibit J to the Complaint appears to be a copy of U.S. Patent No. 7,209,959 (the "'959 Patent"), and except as so admitted denies the allegations of paragraph 59 of the Complaint.

60.     Admits that Squarespace makes, uses, offers for sale, sells, and advertises website hosting products, refers to those products for their precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 60 of the Complaint.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.     Admits that the "methods" recited in claims 1–15 of the '959 Patent consist of the operation or function of a machine, namely, a computer system, and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations of paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies the allegations contained in paragraph 65 of the Complaint.

## COUNT VI: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 7,246,351

66.     Repeats and incorporates paragraphs 1–65, above, as if fully set forth here.

67.     Admits that Exhibit K to the Complaint appears to be a copy of U.S. Patent No. 7,246,351 (the "'351 Patent"), and except as so admitted denies the allegations of paragraph 67 of the Complaint.

68.     Admits that Squarespace distributes, makes, uses, and advertises a "Squarespace" app product for Android, refers to that product for its precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

70.     Admits that claims 1–6 of the '351 Patent denote functions performed by a machine, namely, a computer system, and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations of paragraph 70 of the Complaint.

71.     Denies the allegations contained in paragraph 71 of the Complaint.

72.     Denies the allegations contained in paragraph 72 of the Complaint.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Admits that Squarespace had knowledge of the April 2020 Letter as early as the date of its receipt of that letter, admits that the "Squarespace" app is a source of revenue for Squarespace, and except as so admitted denies the allegations contained in paragraph 75 of the Complaint.

76.     Denies the allegations contained in paragraph 76 of the Complaint.

77.     Denies the allegations contained in paragraph 77 of the Complaint.

78.     Denies the allegations contained in paragraph 78 of the Complaint.

79.     Denies the allegations contained in paragraph 79 of the Complaint.

## COUNT VII: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 7,398,298

80.     Repeats and incorporates paragraphs 1–79, above, as if fully set forth here.

81.     Admits that Exhibit L to the Complaint appears to be a copy of U.S. Patent No. 7,398,298 (the "'298 Patent"), and except as so admitted denies the allegations of paragraph 81 of the Complaint.

82.     Admits that Squarespace makes, uses, offers for sale, sells, and advertises website hosting products, refers to those products for their precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 82 of the Complaint.

83.     Denies the allegations contained in paragraph 83 of the Complaint.

84.     Admits that claims 1–12 of the '298 Patent denote functions performed by a machine, namely, a computer system, and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations of paragraph 84 of the Complaint.

85.     Denies the allegations contained in paragraph 85 of the Complaint.

86.     Denies the allegations contained in paragraph 86 of the Complaint.

87.     Denies the allegations contained in paragraph 87 of the Complaint.

88.     Denies the allegations contained in paragraph 88 of the Complaint.

89.     Admits that Squarespace had knowledge of the April 2020 Letter as early as the date of its receipt of that letter, admits that Squarespace's website hosting products are a source of revenue for Squarespace, and except as so admitted denies the allegations contained in paragraph 89 of the Complaint.

90.     Denies the allegations contained in paragraph 90 of the Complaint.

91.   Denies the allegations contained in paragraph 91 of the Complaint.

92.   Denies the allegations contained in paragraph 92 of the Complaint.

93.   Denies the allegations contained in paragraph 93 of the Complaint.

## JURY DEMAND

94.   Squarespace reserves the right to independent judicial determination of all issues as to which there is no right to trial by jury, including (i) whether the subject matters claimed in the Patents-in-Suit qualify as inventions of inventors under 35 U.S.C. § 101, (ii) whether the claims of the Patents-in-Suit are compliant with 35 U.S.C. § 112, and (iii) whether the subject matters claimed in the Patents-in-Suit satisfy the non-obvious subject matter requirement prescribed in 35 U.S.C. § 103.

## PLAINTIFF'S PRAYER FOR RELIEF

95.   Squarespace denies that DataCloud is entitled to any of the relief requested in paragraphs A–F under the Prayer for Relief heading of the Complaint.

## GENERAL DENIAL

96.   Except as explicitly admitted herein, Squarespace denies each and every allegation, whether express or implied, contained in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE – INVALIDITY OF THE '613 PATENT
### FOR FAILURE TO COMPLY WITH REQUIREMENTS OF 35 U.S.C. § 112

97.   Claims 1–8 of the '613 Patent recite a "method in a computer system for disambiguating file descriptors."

98.   In the context of claims 1–8 of the '613 Patent, the phrase "disambiguating file descriptors" denotes a function performed by a machine.

99.     The "methods" recited in claims 1–8 of the '613 Patent consist of the operation or function of a machine, namely, a computer system.

100.    The specification of the '613 Patent does not disclose any physical structure that performs the "methods" recited in claims 1–8 of the '613 Patent.

101.    The specification of the '613 Patent does not disclose any computer program code that causes a computer system to perform the "methods" recited in claims 1–8 of the '613 Patent.

102.    Claims 1–8 of the '613 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

103.    The claim phrase "intercepting system calls" denotes a function performed by a machine.

104.    The specification of the '613 patent does not disclose any physical structure that performs "intercepting system calls."

105.    The specification of the '613 Patent does not disclose any computer program code that causes a computer system to perform "intercepting system calls."

106.    The claim phrase "storing at least one indicator" denotes a function performed by a machine.

107.    The specification of the '613 patent does not disclose any physical structure that performs the claimed "storing" function.

108.    The specification of the '613 Patent does not disclose any computer program code that causes a computer system to perform the claimed "storing" function.

109.    The claim phrase "examining at least one stored indicator" denotes a function performed by a machine.

110.    The specification of the '613 patent does not describe any physical structure that performs the claimed "examining" function.

111.    The specification of the '613 Patent does not disclose any computer program code that causes a computer system to perform the claimed "examining" function.

112.    By reason of the facts alleged in paragraphs 97–111, above, at least claims 1–8 of the '613 Patent are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

**SECOND DEFENSE – INVALIDITY OF THE '063 PATENT**
**FOR FAILURE TO COMPLY WITH REQUIREMENTS OF 35 U.S.C. § 112**

113.    Claims 4 and 5 of the '063 Patent recite a "method for providing information to one or more users of a system."

114.    In the context of claims 4 and 5 of the '063 Patent, the phrase "providing information to one or more users of a system" denotes a function performed by a machine.

115.    The "methods" recited in claims 4 and 5 of the '063 Patent consist of the operation or function of a machine, namely, a computer system.

116.    The specification of the '063 Patent does not disclose any physical structure that performs the "methods" recited in claims 4 and 5 of the '063 Patent.

117.    The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform the "methods" recited in claims 4 and 5 of the '063 Patent.

118.    Claims 4 and 5 of the '063 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

119.    The claim phrase "storing information to be provided in an information pack" denotes a function performed by a machine.

120.    The specification of the '063 patent does not disclose any physical structure that performs "storing information to be provided in an information pack."

121.    The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform "storing information to be provided in an information pack."

122.    The claim phrase "associating with said information pack" denotes a function performed by a machine.

123.    The specification of the '063 patent does not disclose any physical structure that performs "associating with said information pack."

124.    The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform "associating with said information pack."

125.    The claim phrase "locating said information pack" denotes a function performed by a machine.

126.    The specification of the '063 patent does not disclose any physical structure that performs "locating said information pack."

127.    The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform "locating said information pack."

128.    The claim phrase "creating a custom location" denotes a function performed by a machine.

129.    The specification of the '063 patent does not disclose any physical structure that performs "creating a custom location."

130.    The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform "creating a custom location."

131.    The claim phrase "sending a custom category signal" denotes a function performed by a machine.

132.    The specification of the '063 patent does not disclose any physical structure that performs "sending a custom category signal."

133.    The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform "sending a custom category signal."

134.    The claim phrase, "said data processing means analyzing the provider identifier of subsequent of said information packs, comparing said provider identifier of said subsequent information packs with said provider identifier stored in said storage means and in the event of a match between the provider identifier of one of said subsequent information packs and the provider identifier stored in said storage means, placing said one of the subsequent information packs in said custom location" (the "Analyzing and Placing Function") denotes a function performed by a machine.

135.    The specification of the '063 patent does not disclose any physical structure that performs the recited "Analyzing and Placing Function."

136.    The specification of the '063 Patent does not disclose any computer program code that causes a computer system to perform the recited "Analyzing and Placing Function."

137.    By reason of the facts alleged in paragraphs 113–136, above, at least claims 4 and 5 of the '063 Patent are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

### THIRD DEFENSE – INVALIDITY OF THE '139 PATENT
### FOR FAILURE TO COMPLY WITH REQUIREMENTS OF 35 U.S.C. § 112

138.    Claims 1–7 of the '139 Patent recite a "system, comprising . . . [i] a content management component configured to display a graphical user interface based on a metadata template . . . and [ii] a web page generator configured to generate a web page. . . ." (brackets and numerals added).

139.    In the context of claims 1–7 of the '139 patent, the terms "display" and "generate" denote functions performed by a machine, namely, a computer system.

140.    The specification of the '139 Patent does not disclose any physical structure that performs the claimed "display" and "generate" functions.

141.    The specification of the '139 Patent does not disclose any computer program code that configures a computer system to perform the claimed "display" and "generate" functions.

142.    Claims 1–7 of the '139 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

143.    By reason of the facts alleged in paragraphs 138–142, above, at least claims 1–7 of the '139 Patent are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

### FOURTH DEFENSE – INVALIDITY OF THE '498 PATENT
### FOR FAILURE TO COMPLY WITH REQUIREMENTS OF 35 U.S.C. § 112

144.    Claims 1–7 of the '498 Patent recite a "method, comprising: determining, by a controller device comprising a processor, a destination internet protocol (IP) address . . . ; establishing a correlation between the destination IP address and a forwarder IP address of a forwarder device; and instructing the forwarder device to send the request data to the destination IP address."

145.   In the context of claims 1–7 of the '498 Patent, the terms "determining," "establishing," and "instructing" denote functions performed by a machine, namely, a computer system.

146.   The "methods" recited in claims 1–7 of the '498 Patent consist of the operation or function of a machine, namely, a computer system.

147.   The specification of the '498 Patent does not disclose any physical structure that performs the claimed "methods."

148.   The specification of the '498 Patent does not disclose any computer program code that causes a computer system to perform the claimed "methods."

149.   Claims 1–7 of the '498 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

150.   By reason of the facts alleged in paragraphs 144-149, above, at least claims 1–7 of the '498 Patent are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

### FIFTH DEFENSE – INVALIDITY OF THE '959 PATENT FOR FAILURE TO COMPLY WITH REQUIREMENTS OF 35 U.S.C. § 112

151.   Claims 1–15 of the '959 Patent recite a "method comprising: . . . setting up a forwarding session . . . ; employing a forwarder . . . ; employing a controller . . . ; employing a deceiver . . . ; and . . . initiating the forwarding session."

152.   The "methods" recited in claims 1–15 of the '959 Patent consist of the operation or function of a machine, namely, a computer system.

153.   The specification of the '959 Patent does not disclose any physical structure that performs the claimed "methods."

154.    The specification of the '959 Patent does not disclose any computer program code that causes a computer system to perform the claimed "methods."

155.    Claims 1–15 of the '959 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

156.    In the context of claims 1–15 of the '959 Patent, the claim phrases "setting up," "employing a forwarder," "employing a controller," "employing a deceiver," and "initiating the forwarding session" each denote functions performed by a machine, namely, a computer system.

157.    The specification of the '959 Patent does not disclose any physical structure that performs the claimed "setting up," "employing a forwarder," "employing a controller," "employing a deceiver," and "initiating" functions.

158.    The specification of the '959 Patent does not disclose any computer program code that causes a computer system to perform the claimed "setting up," "employing a forwarder," "employing a controller," "employing a deceiver," and "initiating" functions.

159.    By reason of the facts alleged in paragraphs 151–158, above, at least claims 1–15 of the '959 Patent are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

## SIXTH DEFENSE – INVALIDITY OF THE '351 PATENT
## FOR FAILURE TO COMPLY WITH REQUIREMENTS OF 35 U.S.C. § 112

160.    Claims 1–6 of the '351 Patent recite a "system for deploying applications over a distributed network . . . comprising: an application assembler for downloading one or more text files. . . , retrieving the program logic . . . , assembling the retrieved program logic into a functioning application and running the functioning application, wherein the functioning application provides a graphical user interface for receiving and interpreting user inputs . . . ."

161.    In the context of claims 1–6 of the '351 patent, the claim phrases "downloading one or more text files," "retrieving the program logic," "assembling the retrieved program logic," and "running the functioning application," each denote functions performed by a machine, namely, a computer system.

162.    The specification of the '351 Patent does not disclose any physical structure that constitutes the recited "application assembler" or performs the claimed "downloading," "retrieving," "assembling," or "running" functions.

163.    The specification of the '351 Patent does not disclose any computer program code that configures a computer system to constitute the recited "application assembler" or to perform the claimed "downloading," "retrieving," "assembling," or "running" functions.

164.    Claims 1–6 of the '351 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

165.    By reason of the facts alleged in paragraphs 160–164, above, at least claims 1–6 of the '351 Patent are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

**SEVENTH DEFENSE – INVALIDITY OF THE '298 PATENT
FOR FAILURE TO COMPLY WITH REQUIREMENTS OF 35 U.S.C. § 112**

166.    Claims 1–12 of the '298 Patent recite "[a] system for providing remote control of data directory structures . . .  comprising: . . . . a . . . computing application operating on the computer server  to process received requests . . . ; and a profile data store . . . wherein the profile data store is queried . . . , wherein further a single directory structure . . . is selected by each of the participating users for modification."

167. In the context of claims 1–12 of the '298 Patent, the claim phrases "providing remote control of data directory structures" and "operating on the computer server to process" denote functions performed by a machine, namely, a computer system.

168. The specification of the '298 Patent does not disclose any physical structure that performs the recited "providing" or "operating" functions.

169. The specification of the '298 Patent does not disclose any computer program code that configures a computer system to perform the recited "providing" and "operating" functions.

170. Claims 1–12 of the '298 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

171. By reason of the facts alleged in paragraphs 166–170, above, at least claims 1–12 of the '298 Patent are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

## EIGHTH DEFENSE – INVALIDITY UNDER 35 U.S.C. § 101

172. The subject matters claimed in the Patents-in-Suit do not qualify as "inventions" of "inventors" that are eligible for patenting under 35 U.S.C. § 101.

## NINTH DEFENSE – UNAUTHORIZED DOUBLE PATENTING

173. The '139 Patent was issued for the same alleged invention as was previously patented under U.S. Patent No. 6,732,331.

174. The '498 Patent was issued for the same alleged invention as was previously patented under U.S. Patent No. 8,370,457.

175. The '298 Patent was issued for the same alleged invention as was previously patented under U.S. Patent No. 7,197,537.

176.     The '139, '498, and '298 Patents are invalid under 35 U.S.C. § 101 and controlling precedent including *Underwood v. Gerber*, 149 U.S. 224 (1893).

### TENTH DEFENSE – INVALIDITY UNDER 35 U.S.C. § 112 ¶ 2

177.     The claims in the Patents-in-Suit do not particularly point out any alleged improvement in the art but hide and conceal any such improvement within broad recitals of generic elements claimed in aggregation.  The claims in the Patents-in-Suit are invalid for failure to satisfy the particularity requirements of 35 U.S.C. § 112 ¶ 2.

### ELEVENTH DEFENSE – INVALIDITY UNDER 35 U.S.C. § 102

178.     The asserted claims of the Patents-in-Suit fail to satisfy the subject matter novelty condition for patentability, for at least the reason that the claims encompass subject matter that constitute prior art.

### TWELFTH DEFENSE – INVALIDITY UNDER 35 U.S.C. § 103

179.     The asserted claims of the Patents-in-Suit fail to satisfy the non-obvious subject matter condition for patentability, for at least the reason that the claims encompass subject matters that constitute the predictable use of prior art elements according to their established functions and the mere application of known techniques to prior art ready for the improvement.

### THIRTEENTH DEFENSE – PRINCIPLES OF EQUITY

180.     Plaintiff's claims are barred, in whole or in part, by principles of equity, including principles of equitable intervening rights.

### FOURTEENTH DEFENSE – FAILURE TO STATE A CLAIM

181.     Plaintiff has failed to state a claim upon which relief can be granted.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Squarespace prays that the Court render judgment:

A.  Dismissing DataCloud's Complaint with prejudice;

B.  Declaring this case to be "exceptional" within the meaning of 35 U.S.C. § 285;

C.  Awarding Squarespace its reasonable attorneys' fees and taxable costs incurred in

defending this action;

D.   Awarding Squarespace such other and further relief as this Court may deem just

and proper.

Dated: February 14, 2022                    Respectfully submitted,

                                            FARNAN LLP

                                            ___/s/ Michael J. Farnan_____
                                            Sue L. Robinson (Bar No. 100658)
                                            Brian E. Farnan (Bar No. 4089)
                                            Michael J. Farnan (Bar No. 5165)
                                            919 North Market Street
                                            12th Floor
                                            Wilmington, DE  19801
                                            (302) 777-0300 (Telephone)
                                            (302) 777-0301 (Facsimile)
                                            srobinson@farnanlaw.com
                                            bfarnan@farnanlaw.com
                                            mfarnan@farnanlaw.com

                                            James W. Dabney (admitted *pro hac vice*)
                                            James R. Klaiber (admitted *pro hac vice*)
                                            Lynn M. Russo (admitted *pro hac vice*)
                                            Michael M. Polka (admitted *pro hac vice*)
                                            Justin W. Taylor (admitted *pro hac vice*)
                                            HUGHES HUBBARD & REED LLP
                                            One Battery Park Plaza
                                            New York, NY  10004-1482
                                            T: 212.837.6000
                                            F: 212.422.4726
                                            james.dabney@hugheshubbard.com
                                            james.klaiber@hugheshubbard.com
                                            lynn.russo@hugheshubbard.com
                                            michael.polka@hugheshubbard.com
                                            justin.taylor@hugheshubbard.com

                                            **ATTORNEYS FOR DEFENDANT
                                            SQUARESPACE, INC.**