# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SQUARESPACE, INC.,<br><br>　　　　　Defendant. | C.A. No. 21-164-VAC-MPT |

## ORDER MODIFYING SCHEDULING ORDER (D.I. 44)

At Wilmington, this 25th day of April, 2022. This matter being assigned to a Vacant Judgeship and having been referred to Judge Thynge for limited purposes (D.I. 59);

IT IS ORDERED that the following procedures governing courtesy copies shall replace ¶ 5 of the Scheduling Order at D.I. 44:

　　5.　　Courtesy Copies. This matter has been assigned to a vacant judgeship, designated "VAC" on the docket. The parties have not consented to the jurisdiction of a magistrate judge. Pursuant to ¶ 5 of Standing Order 2022-VAC-1 (dated March 9, 2022) or ¶ 3 of Standing Order 2022-3 (dated March 16, 2022), this matter is referred to this Judge for limited purposes. For the pleadings and all matters within the scope of the referral to this Judge, the parties shall provide the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). **Courtesy copies for matters outside the scope of the**

**referral to this Judge** (i.e., Rule 12 and case-dispositive motions) **shall not be filed with the Court.** This provision also applies to papers filed under seal. All courtesy copies shall be single-sided.

IT IS FURTHER ORDERED that the following procedures for discovery disputes with Judge Thynge in this matter shall replace ¶ 8.h. of the Scheduling Order at D.I. 44:

8. h. <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, after holding a verbal meet-and-confer and making a reasonable effort to reach agreement with the opposing party on the matters or dispute,[1] the party seeking relief from the Court shall file a Motion for Discovery requesting a teleconference to resolve the discovery or protective order dispute. The Motion shall include the following information:

- A list of no more than three (3) discovery or protective order matters for resolution;

- The date(s) of the verbal meet-and-confer between the parties;

- The format of the meet-and-confer (*e.g.*, in person or by telephone);

- The identity of counsel (including at least one Delaware Counsel and at least one Lead Counsel per party) who participated in the meet-and-confer; and

- At least three dates on which the parties are jointly available for a teleconference

The Court will thereafter order a discovery teleconference, and the

---

[1] *See* D. Del. L.R. 7.1.1 (describing the averment of counsel to be filed with nondispositive motions).

following procedures shall apply:

1. Not less than seventy-two (72) hours prior to the conference, *excluding* weekends and Court holidays, the party seeking relief shall file a letter with the Court, not to exceed four (4) pages, double-spaced in no less than 12 point font, outlining the issues in dispute and its position on those issues, including proposed solutions.

2. Not less than forty-eight (48) hours prior to the conference, *excluding* weekends and Court holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, double-spaced in no less than 12 point font, outlining that party's reason for its opposition and any proposed solutions.

3. Counsel shall provide a list of the teleconference participants, by including the list on a separate page with the letters. This list will not count as part of the page limitation for the letter submission.

4. <u>Attachments/Exhibits</u>. Generally, there should be limited attachments or exhibits to the letters. In a protective order dispute, only the provisions at issue should be attached. For disputes relating to responses to certain discovery requests, only the requests and responses in dispute as they exist at the time of the letter submissions should be attached. **Documentation of the parties' attempts to resolve and/or narrow the issues as contained in letters or emails shall not be included**. However, cases/transcripts cited and relied upon in the letter submission may be attached as exhibits.

5. To the extent factual issues are disputed or central to the Court's analysis,[2] *non-conclusory,* sworn declarations, *only to the extent necessary* to establish the facts, shall be attached as exhibit(s).

6. <u>Protective Order disputes</u>. For disputes related to the protective order, the submissions shall include the party's proposal of the content for the disputed portion(s) only of the protective order.

---

[2] For example, matters addressing attorney-client privilege, work product doctrine, common interest doctrine, sufficiency of privilege log and other similar issues often involve factual evidence for which affidavits may be required. *See RCA v. Data General*, C.A. No. 84-270-JJF, 1986 WL 15693 (D. Del. July 2, 1986); *Willemijn Houdstermaatschaapij v. Apollo Computers, Inc.*, 707 F. Supp. 1429 (D. Del. 1989).

Should the Court find further briefing necessary upon conclusion of the telephonic conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

/s/ Mary Pat Thynge<br>
Chief U.S. Magistrate Judge